### BISHOP v. DECKER et al.

(Supreme Court, Appellate Division, Second Department. December 11, 1914.)

EXCHANGE OF PROPERTY (§ 8*)—PERFORMANCE—DEFICIENCY IN ACREAGE.

    Where a tract of vacant land described as "containing by estimation 45 acres, more or less," was traded for city property, the one receiving the tract cannot recover for a deficiency in the acreage, whether it was a bulk transaction or on an acreage basis, without showing the value of the tract, since the values set by the parties in an exchange are not necessarily the real values.

    [Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. § 8.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Eli H. Bishop against Smith N. Decker and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

Charles J. Ryan, of Brooklyn, for appellant.

Charles C. Bunker, of Far Rockaway, for respondents.

PUTNAM, J. This case differs from Paine v. Upton, 87 N. Y. 327, 41 Am. Rep. 371, and Mills v. Kampfe, 202 N. Y. 46, 94 N. E. 1072. In Paine v. Upton the negotiation began by an inquiry as to the number of acres, and was maintained on a cash acreage basis. In Mills v. Kampfe the land had been surveyed, and a reference to this survey made, with other indications that quantity was essential. Hence the learned trial court declined to find that the negotiations were on a quantity basis.

This was an exchange where an incumbered city property is traded for vacant lands. The figures of value in plaintiff's mind may have had no actual counterpart on the other side. In such exchanges brokers do not always cut down the estimates they receive, but instead mark up what they have to offer. After the Jericho lot had been deemed inadequate, this Brookhaven woodland was offered. The contract speaks of 45 acres, "more or less," and the deed says: "Containing by estimation 45 acres, be the same more or less." The bounds stated lack any linear dimension. The physical boundaries were old ditches, broken fences, and remains. The vendors had no knowledge of the existence of any survey, but merely copied in their deed the description which they had received. In such a trade, damages cannot be reasonably assessed, until we reach a common denominator of value. Where the deed was for a nominal consideration, extrinsic evidence of its land value is essential. Whether or not these were bulk transactions, and not on an acreage basis, the defendants rightly had judgment, as there was no proper evidence to determine the damage by the reduced areas.

Hence the judgment should be affirmed, with costs. All concur.