## SECOND DEPARTMENT, DECEMBER, 1924.

NANCY ELIZABETH HUNT, Appellant, v. REBECCA WALL, Respondent.

*Vendor and purchaser — foreclosure of purchase-money mortgage on farm — farm was purchased in bulk — no credit will be allowed mortgagor for deficiency in acreage.*

Appeal from so much of a judgment of the Supreme Court, entered in the Westchester county clerk's office July 7, 1924, as reduces the amount of a purchase-money bond and mortgage by allowing a credit for a deficiency in the number of acres in the property sold by the plaintiff to the defendant.

Judgment, in so far as it allows the defendant credit for the alleged deficiency in the acreage, reversed on the law and the facts, with costs, and judgment of foreclosure and sale for the full amount remaining due and unpaid on the plaintiff's mortgage is directed in plaintiff's favor. The proof in this case shows that the purchase was of the farm in bulk, and not by acreage, and hence no credit for any deficiency in acreage should have been allowed. (See *Ireland* v. *Baylis*, 188 App. Div. 981; *Bishop* v. *Decker*, 166 id. 890; affd., 221 N. Y. 557.) Findings of the trial court inconsistent with this decision are reversed, and appropriate findings in accordance with the judgment here rendered will be made. Rich, Jaycox and Manning, JJ., concur; Young, J., dissents, and reads for affirmance, with whom Kelly, P. J., concurs. Settle order on notice.

YOUNG, J. (dissenting): I think the facts found in this case bring it within the principle established in *Paine* v. *Upton* (87 N. Y. 327) and *Mills* v. *Kampfe* (202 id. 46). The mere fact that no price per acre was discussed by the parties or finally agreed upon is not, in my opinion, controlling. Both parties believed that the farm contained fifty-two acres and the deficiency of eleven and nine-tenths acres is quite substantial. In the language used in *Hill* v. *Buckley* (17 Ves. 394), quoted with approval in *Paine* v. *Upton* (*supra*, 332), "though the land is neither bought nor sold professedly by the acre, the presumption is, that in fixing the price regard was had on both sides to the quantity, which both suppose the estate to consist of." I think also we may distinguish the case at bar from *Ireland* v. *Baylis* (188 App. Div. 981) and *Bishop* v. *Decker* (166 id. 890), decided by this court. In both those cases, the court below had refused to find that the negotiations for the purchase had been upon a quantity basis, but in the case at bar the effect of the findings is that the farm was purchased on a quantity basis. I do not mean by this that the parties fixed the value at a unit price per acre, because the learned trial justice found the contrary at plaintiff's request. But he did find, and there is evidence to support it, that the defendant purchased believing and relying upon the representation mistakenly made by plaintiff that the farm contained fifty-two acres, and I think that is sufficient to show that the purchase was made on the basis of that quantity. The fact that there were buildings upon the land should not, in my opinion, prevent relief to defendant. I think the learned trial justice was warranted in determining the value of such buildings at the time of the sale. It seems to me it would be manifestly unjust to deny relief where there is a very substantial deficiency in the quantity of land represented to be sold, simply because the parties did not fix in the contract or

in the negotiations leading thereto the value of the buildings and land separately. In my opinion, the true principle to be applied in these cases is that where a party purchases land upon a representation that it is of a certain quantity, he is entitled to relief by way of abatement of the price where it is afterwards discovered that there is a substantial deficiency in such quantity. In other words, if a party obtains only about three-fourths of what he believed, as represented by the other party, was the true quantity, he has suffered damages and should have relief. Kelly, P. J., concurs.