AUGUST ADAM BALL, Appellant, *v.* JOSEPH PETROCY and Others, Respondents.

Fourth Department, May 8, 1929.

*Alfred C. Ueck* [*Louis W. Manchester* of counsel], for the appellant.

*John T. Walsh,* for the respondents Joseph Petrocy and Agnes Petrocy.

*Lane & Stengel* for the respondent Hurd Bros., Inc.

THOMPSON, J. In this foreclosure action the learned county judge has found that three certain papers, executed and acknowledged by the defendants Joseph Petrocy and Agnes Petrocy, his wife, at the office of the defendant Bayer, the mortgagee, in the city of Buffalo, on or about January 16, 1926, were not known by said defendants at the time of their signing to be a bond, mortgage and estoppel certificate pledging their real property for the sum of $1,000, but were believed by them to be receipts for payments of money. The court further found that such misapprehension was willfully

induced by the actions, conduct and speech of the defendant Bayer in furtherance of a scheme upon his part to defraud the said defendants. We believe that these findings are against the weight of the evidence. While it is true that the defendants Petrocy are unable to read or write English, and only speak and understand it with difficulty, the record shows that they had had previous experience in transactions of this character; that defendant Bayer spoke in a tongue understood by them, and that their daughter, who was present when the arrangement for the loan was made, read, spoke and understood English as well as the language of her parents. As a witness on the trial, defendant Joseph Petrocy made use of the term " deed " with appropriateness; and defendants' claim that they did not understand about the mortgage in suit is unanswerably covered by their very obvious understanding of that term when used in connection with the $1,600 mortgage and the $1,000 mortgage which they also assert were lost to them by the fraud of Bayer.

As there is no proof that plaintiff's assignor Stabell relied on the so-called estoppel certificate, and as plaintiff is a mere volunteer, the estoppel certificate has no bearing on the rights of the parties.

Other testimony in the case indicates, however, that defendants did not receive nor have the benefit of the full amount mentioned in the mortgage and the county judge has found that $500 is all that has been rendered to them on account thereof. This defense is available to them though the mortgage may be in the hands of an assignee in good faith and for value.

" The assignee of a mortgage may only enforce it to the amount actually paid by the mortgagee to the mortgagor." (1 Wiltsie Mort. Foreclosure [4th ed.], 297; *Payne* v. *Burnham*, 62 N. Y. 69.)

We, therefore, reach the conclusion that the judgment in favor of defendants should be modified, and as modified affirmed, without costs of this appeal to either party; that the plaintiff should have the usual judgment for foreclosure and sale for the sum of $500 and interest. Certain findings of fact and conclusions of law should be reversed and new findings and conclusions made.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings made.