Savings and Loan Association of Kingston, Plaintiff, *v.* Edward J. Berberich et al., Defendants.
Alice H. Nelson, Respondent, and Island Dock Lumber, Inc., et al., Appellants.

Third Department, December 8, 1965.

*Harold Gold* for Island Dock Lumber, Inc. and another, appellants.

*N. Jansen Fowler* for the National Bank of Orange and Ulster Counties, appellant.

*H. Edgar Timmerman* for respondent.

GIBSON, P. J.   Appeals have been taken by three defendants, who are judgment creditors and claimants to the surplus moneys in this mortgage foreclosure action, from an order of the Supreme Court which (1) denied their application for an order confirming the report of the Referee appointed to ascertain and report the amounts and respective priorities of the defendant claimants' liens on such surplus moneys and (2) referred said report back to the Referee to be revised and corrected so as to fix the date and priority of defendant-respondent Nelson's lien as of December 4, 1962.   The date was that of the filing of the notice of pendency of the action commenced by respondent Nelson for the specific performance by defendants Berberich of their written agreement of October 27, 1960 to execute a mortgage upon a specified portion of their real property, to secure payment of the sum of $10,000 loaned by her to said defendants Berberich, such mortgage to be subordinate to the lien of the mortgage of plaintiff association subsequently foreclosed in this action.

In the specific performance action the defendants, after personal service, appeared but subsequently defaulted in pleading, and the court, after finding that specific performance was " impossible, impractical and improvident ", granted a money judgment under plaintiff's alternative demand.   We are told, without contradiction, that the basis of the denial of equitable relief was the fact that the defendants had meanwhile departed the State; but in any event the court did not find that plaintiff was not possessed of an equitable lien and did not dismiss the cause of action asserting it.   In the foreclosure action now before us, the Special Term in its memorandum decision stated that " while an equitable mortgage may well have existed and

may well be enforceable between the parties thereto, it is felt that the same cannot affect the rights of subsequent encumbrancers without notice." Although, as will be indicated, the ground stated for nonrecognition of the alleged equitable lien seems to us erroneous, at least insofar as the "encumbrancers" are no more than judgment creditors, the decision is quoted as demonstrating that neither in this action nor in the prior action did Special Term deny or question the existence of the equitable lien asserted. Of course, the continued existence of an equitable lien is not inconsistent with the entry of a money judgment upon the debt; and, indeed, there is statutory recognition of the continued vitality of a mortgage lien after a judgment for the mortgage debt in the provision that: "Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment * * * and has been returned wholly or partly unsatisfied." (Real Property Actions and Proceedings Law, § 1301, subd. 1; and, see, *Shipman* v. *Niles,* 75 App. Div. 451, 453, affd. 177 N. Y. 527; *Trapani* v. *Vista Realty Corp.,* 37 Misc 2d 132.)

The rule is clear "that an agreement for a mortgage is in equity a specific lien on the land prior and superior to the claims of subsequent judgment creditors." (*Hamilton Trust Co.* v. *Clemes,* 163 N. Y. 423, 428; *Payne* v. *Wilson,* 74 N. Y. 348; *Matter of Howe,* 1 Paige, ch. 125; 2 Pomeroy, Equity Jurisprudence [5th ed.], § 721a, p. 1057.) The protection of the Recording Act is for subsequent purchasers and not for judgment creditors. (*Blum* v. *Krampner,* 28 N. Y. S. 2d 62, 64, affd. 261 App. Div. 989; *Sullivan* v. *Corn Exch. Bank,* 154 App. Div. 292.)

The failure of the agreement of October 27, 1960 to specify the maturity date of the mortgage to be given in no way affected respondent's entitlement to a lien or her rights vis-a-vis the other claimants to the surplus moneys.

It follows that respondent has an equitable lien created October 27, 1960, which, as respects the parcel subject thereto, was subordinate to the lien of the mortgage foreclosed in this action but is superior to the liens of the appellant claimants to the surplus moneys.

Remittal is necessary, however, to take proof, at Special Term rather than before the Referee, upon which Special Term may effect a marshaling of assets, which in this case will require, preliminarily, an equitable apportionment of the proceeds of sale as between the two parcels into which the mortgaged prem-

ises sold in this action must necessarily be divided for purposes of such apportionment. Such premises consisted of one parcel as described in the mortgage thereof to plaintiff mortgagee but the defendant mortgagors' agreement with respondent Nelson related to a portion thereof only, and such portion is, of course, that to which the equitable lien attaches. The mortgaged premises, therefore, must for purposes of apportionment be divided into two parcels, one, which may be denominated Parcel B, the portion subject to the equitable lien and the other, Parcel A, the remainder of the original premises mortgaged to plaintiff. Plaintiff's claim attached to each parcel as a first lien thereon; respondent Nelson's claim attached as a second lien on Parcel B; and the claims of the appellant judgment creditors attached to Parcel A (in which respondent Nelson had no interest) but were subordinate to the mortgage lien of plaintiff, and attached, also, to Parcel B, again being subordinate to plaintiff's claim and subordinate, also, to the lien of respondent Nelson. In such circumstances the equitable principle of marshaling assets must be invoked. (*Hogg* v. *Rose,* 183 N. Y. 182; *Oppenheimer* v. *Walker,* 3 Hun 30; *King* v. *Milford Nat. Bank,* 168 Misc. 571; 15 Carmody-Wait, New York Practice, § 243, pp. 376–377; § 460, pp. 613–614.)

The amount due plaintiff has been paid from the general proceeds of sale; but must be taken into account, although solely for purposes of computation, and as between respondent Nelson and the appellant judgment creditors only; the assumed proceeds of sale of Parcel A must be applied to plaintiff's claim before plaintiff shall have recourse to the assumed proceeds of sale of Parcel B; and the assumed proceeds of sale of Parcel B must be applied first to the balance, if any, due plaintiff, next to the amount due respondent Nelson and finally to the claims of appellants.

To the apportionment of the proceeds of sale, for the purpose of marshaling assets, no ready formula can be applied. Apportionment must be equitably made to determine the relative values of the parcels in the light of the factors generally to be considered in land evaluations of this nature (see, e.g., *Hogg* v. *Rose,* 183 N. Y. 182, 189, *supra*) and, of course, in the light of such other considerations, if any there may be, as shall be found peculiar to the circumstances of this property.

The order should be modified, on the law and the facts, so as to fix the date of respondent's lien as October 27, 1960, rather than December 4, 1962, so as to delete the provisions thereof remanding the matter to the Referee, and so as to direct that the parties adduce relevant proof before the Special Term,

which shall thereupon determine the issues remaining undecided, and, as so modified, affirmed, with costs to respondent payable from the fund.

HERLIHY, REYNOLDS, TAYLOR and HAMM, JJ., concur.

Order modified, on the law and the facts, so as to fix the date of respondent's lien as October 27, 1960, rather than December 4, 1962, so as to delete the provisions thereof remanding the matter to the Referee, and so as to direct that the parties adduce relevant proof before the Special Term, which shall thereupon determine the issues remaining undecided, and, as so modified, affirmed, with costs to respondent payable from the fund.