■ ELLEN F. DRAGO, Appellant, v. LESTER T. FLEWELLIN et al., Respondents.— In an action for specific performance of a contract for the sale of real property and for related relief, brought by the purchaser against the seller (Flewellin) and a subsequent purchaser (Klepp), in which each defendant interposed a counterclaim, plaintiff appeals from (1) an order of the Supreme Court, Westchester County, dated November 8, 1968, which granted defendants' motion for summary judgment insofar as it was (a) to dismiss the complaint as to both defendants and (b) to cancel of record said contract (upon the

counterclaim of the subsequent purchaser); and (2) the judgment entered December 2, 1968 upon said order, adjudging that the complaint is dismissed and awarding costs. Order modified, on the law, by (1) striking out so much of the first ordering paragraph thereof as granted summary judgment dismissing the complaint as to both defendants, (2) striking out the second and third ordering paragraphs thereof, and (3) providing in lieu thereof that defendants' motion is denied insofar as it was to dismiss the complaint and for judgment upon defendant Flewellin's counterclaim. As so modified, order affirmed, without costs. Judgment reversed, on the law, without costs. Since time was not made the essence of the contract, it was incumbent upon defendant Flewellin to give plaintiff an unequivocal notice requiring the latter to be ready to close the contract within a reasonable time thereafter — before plaintiff could be considered in default and her deposit forfeited. Whether the notice given by defendant Flewellin to plaintiff allowed the latter a reasonable time to perform her obligation to pay the balance of the purchase price, and whether plaintiff used due diligence to perform on her part, are triable issues of fact in the light of the affidavits and exhibits submitted on the motion under review (cf. *Ballen* v. *Potter*, 251 N. Y. 224; *Schmidt* v. *Reed*, 132 N. Y. 108; *Ring 57 Corp.* v. *Litt*, 28 A D 2d 548). Assuming that the trial court were to find that plaintiff was not in default under the contract in the light of the evidence which may be adduced at the trial on the foregoing issues, and that her deposit should not have been forfeited, plaintiff cannot have both specific performance of the contract and the return of her deposit as demanded in her complaint. The trial court can adapt the relief, if any, to be awarded to plaintiff to the situation presented at the trial (*Phillips* v. *West Rockaway Land Co.*, 226 N. Y. 507; *Weil* v. *Atlantic Beach Holding Corp.*, 1 N Y 2d 20). Whether the trial court might appropriately award specific performance of the contract if it should find that plaintiff was not in default thereunder is questionable. The trial court should consider all the equities in the case, the bases of which include the conduct and good faith of all the parties and the diligence of plaintiff in seeking such relief (55 N Y Jur., Specific Performance, §§ 5, 36, 37, 45). The contract of sale was improperly recorded by plaintiff, since it was not duly acknowledged by the parties before a notary public (Real Property Law, § 294). Beldock, P. J., Christ, Brennan, Rabin and Kleinfeld, JJ., concur.