■ VALLEY NATIONAL BANK OF LONG ISLAND, Plaintiff, v. MYRON B. LEVY et al., Defendants; WJF REALTY CORP., Appellant; and FIRST NATIONAL BANK OF EAST HAMPTON et al., Respondents. MICHAEL N. HILLS, Referee, Respondent.— In this foreclosure action, defendant WJF Realty Corp. appeals from an order of the Supreme Court, Suffolk County, entered August 20, 1973, which, upon a motion by said defendant to disaffirm the report of a referee concerning certain surplus moneys and upon a cross motion by defendant First National Bank of East Hampton to confirm the report, confirmed the report and directed distribution of the moneys. Order modified, on the law, by striking therefrom all the decretal provisions except the one which directs payment of the referee's fee and disbursements. As so modified, order affirmed, without costs, and case remitted to Special Term for further proceedings in accordance with the views herein set forth: The mortgagors, Myron and Elizabeth Levy, were indebted to defendant First National Bank of East Hampton (hereinafter the Bank) in the total sum of $18,200. The Levys owned two parcels of land in Suffolk County. The Bank apparently became concerned about its loans to the Levys and therefore on August 1, 1966 it had them execute a note and a mortgage on each of the two properties in consideration of the antecedent $18,200 debt. One note and mortgage was for $5,000 and covered a parcel of unimproved land. The other was for $15,000 and constituted a note and second mortgage on a parcel of improved land which was to become the subject of this foreclosure action. Both notes provided for 6% interest and both matured on August 1, 1968. Defendant WJF Realty Corp. obtained a judgment in the sum of $5,143, against Myron Levy which was docketed in the office of the County Clerk of Suffolk County on April 15, 1968. Defendant Industrial Commissioner of the State of New York obtained a judgment in the sum of $96.98 against Myron Levy, which was docketed in the office of the County Clerk of Suffolk County on June 20, 1968. Defendant Manufacturers Hanover Trust Company obtained a judgment in the sum of $1,951.95 against Myron Levy which was docketed in the office of the County Clerk of Suffolk County on August 13, 1968. Thereafter, plaintiff commenced this action to foreclose its first mortgage upon the improved property. The foreclosure sale resulted in a surplus of $20,570.67. A question then arose as to the priorities of the claims to these surplus moneys. A referee was appointed and he determined that the Bank had first priority among the claimants to the extent of its $15,000 second mortgage on the property, together with interest; that the Industrial Commissioner's lien was superior to any of the other judgment creditors, because, as an agent of the State, he had the sovereign's common-law right of priority to have taxes paid before the payment of other debts; that the lien of Manufacturers Hanover was next in priority; and that defendant WJF Realty had failed to prove its claim. Special Term confirmed the referee's report and WJF Realty has appealed. The $15,000 note and mortgage of the Bank on the improved parcel was given together with the $5,000 note and mortgage on the unimproved parcel, for a total of $20,000, as part of one transaction to secure an antecedent debt of only $18,200. Each note drew interest at the full legal rate and thus the $1,800 by which the notes and mortgages exceeded the past consideration constituted a bonus proscribed by section 5-501 of the General Obligations Law. A mortgage may only be enforced to the extent of the actual consideration (*Ball* v. *Petrocy,* 226 App. Div. 347, 348; *Dunham* v. *Cudlipp,* 94 N. Y. 129). Since the actual consideration of $18,200 constituted only 91% of the $20,000 total of the notes and mortgages given in the same transaction, the most equitable solution is to permit the Bank to enforce the $15,000 mortgage which is involved here only to the extent of 91% of its face value, or

$13,650. Because the Bank exacted a bonus proscribed by law, it may not collect interest on the loan (General Obligations Law, § 5–511). The judgment creditors are entitled to a preference in the order in which their judgments were docketed (CPLR 5203, subd. [a]). The lien of the Industrial Commissioner is not entitled to priority over the other judgment creditors, since his common-law right as an agent of the sovereign gives him priority only over general unsecured creditors (*Matter of Lacaille,* 44 Misc 2d 370, 380–384; *Flushing Fed. Sav. & Loan Assn.* v. *Kapner,* 206 Misc. 564). Special Term erred in confirming the referee's determination that WJF Realty had failed to prove its claim, since its judgment lien is a matter of public record. However, the papers indicate that WJF Realty's judgment may have been partially satisfied, although the County Clerk's transcript of judgment fails to show whether a partial satisfaction piece has even been filed as required by CPLR 5020. Accordingly, the case must be remitted to Special Term for a determination as to the amount due under the judgment held by WJF Realty and to fix the order of priority among the judgment creditors as set forth hereinabove. Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.