JOHN J. BARNOSKY et al., Appellants, v GORDON K. PETTEYS et al., Respondents.

Third Department, October 23, 1975

*Pratt, Caemmerer & Cleary, P. C. (John M. Armentano* of counsel), for appellants.

*McPhillips, Fitzgerald, Meyer & McLenithan (Martin A. Meyer* of counsel), for respondents.

KOREMAN, J. The contract in question was for the purchase

of real property consisting of 135 acres, more or less, by the plaintiffs from the defendants, for the agreed price of $35,000. The trial court found that the sales agreement was prepared under the direction of the plaintiffs, two of whom are attorneys; that after the signing of the agreement, the parties learned for the first time that the parcel to be sold contained about 106 acres, and that this discrepancy in acreage did not result from any fraudulent misrepresentation; that the proposed sale was a sale in gross and not on an acreage basis, and the number of acres contained in the parcel was not considered material by the defendants in fixing the purchase price. The court further found that it was understood by both parties that the agreement did not contain a complete and accurate description of the property to be conveyed; that the buyers made a personal inspection of the land before signing the agreement, which contained a provision that they had thoroughly examined the property to be conveyed, and that plaintiffs relied solely on their own judgment in making the agreement to purchase. Based upon these findings of fact, which are supported by the record, the trial court determined that there was a mutual mistake as to the terms of the agreement and that equity required rescission with a return of the down payment.

On appeal, plaintiffs contend that the contract should be reformed to abate the purchase price to reflect the actual acreage contained in the parcel, and that it be specifically enforced as reformed. In the alternative, specific performance of the contract as written, is sought by plaintiffs.

Since there is proof in the record to show that the negotiations between the parties were for the purchase of land in bulk based on a gross rather than an acreage price, credit may not be allowed for any deficiency in acreage so as to effect an abatement of the contract price. (*Hunt v Wall,* 211 App Div 856, affd 240 NY 696; *Ireland v Baylis,* 188 App Div 981; *Bishop v Decker,* 166 App Div 890, affd 221 NY 557.) Nor are plaintiffs entitled to specific performance of the agreement at the full purchase price of $35,000 under the circumstances here present. The complaint in the action demanded reformation and specific performance of the contract, as reformed. Ever since the execution of the agreement plaintiffs have sought delivery of a deed to the property in question upon their payment of only a portion of the agreed purchase price. Only at the conclusion of the trial of the action did the plaintiffs assert that if it is determined that they are not

entitled to abatement, then they are entitled to specific performance of the contract at the full purchase price set forth in the contract. The granting of relief requiring specific performance of a contract rests in the sound discretion of the court before which the application is made, which discretion is to be exercised upon a consideration of all the circumstances of the case. (55 NY Jur., Specific Performance, § 5.) In denying the relief, the trial court considered all the equities in the case, the bases of which include the conduct and good faith of all the parties and the diligence of the purchaser in seeking such relief. *(Groesbeck v Morgan,* 206 NY 385; *Drago v Flewellin,* 33 AD2d 570.)

Plaintiffs, having invoked the equitable powers of the court, may not now be heard to question the right to equitable relief, in the form of order of rescission of the contract, granted to defendants. *(Matter of Feuer Transp. [Local Union No. 445],* 295 NY 87, 91.) The trial court properly granted equitable relief against an executory contract upon the ground of mistake as to the quantity of land to be conveyed, which essentially and materially affects the agreement and does not reflect a meeting of the minds. *(Belknap v Sealey,* 14 NY 143; CPLR 3017, subd [a].)

The judgment should be affirmed, with costs.

SWEENEY, J. P., KANE, MAIN and LARKIN, JJ., concur.

Judgment affirmed, with costs.