OPINION OF THE COURT
Thomas P. Flaherty, J.
This is a motion by Manufacturers and Traders Trust Company (M & T) for an order confirming a referee’s report of sale in connection with this foreclosure action, determining the priority of all claimants to the surplus money generated, and directing that the surplus money be paid to the claimants in the order of their priorities.
The underlying action was brought to foreclose a mortgage held by plaintiff Marine Midland Bank, N. A. on premises owned by A & M Warehouse, Inc. (A & M) and located in Chautauqua County, New York (premises).
Pursuant to a judgment of foreclosure and sale entered in February, 1981 a referee conducted a foreclosure sale of the premises on April 2, 1981. The report of sale filed in connection therewith states that after paying the amount directed in the foreclosure judgment from the proceeds of the sale, there remained a surplus of $6,247.68, which was deposited with the Chautauqua County Department of *556 Finance. Claimants to the surplus include the State Tax Commission and various judgment creditors of A & M.
The two claimants appearing on this motion, M & T and Gator Trailers, Inc. (Gator), agree that the State Tax Commission has first priority to the surplus in the amount of $1,043.46, but each claims to hold the second priority. Having been given due notice, all other potential claimants defaulted in appearance on the original return date of this matter.
M & T docketed a judgment in the amount of $6,010.86 against A & M in the Chautauqua County Clerk’s office (Clerk’s office) on May 8,1980. A judgment against A & M was also docketed on behalf of Gator on June 18, 1980. Under CPLR 5203 those judgments became legal liens on the premises upon being docketed.
Citing CPLR 5203, M & T claims priority over Gator by virtue of having docketed its judgment before Gator’s was docketed. As between the two liens involved in this priority struggle, the docketing of M & T’s clearly precedes that of Gator’s and as such is entitled to priority. Judgments docketed prior to the delivery of the referee’s deed are liens on the realty that pass to the surplus moneys, and are payable in the order of priority of docketing. Warwick Sav. Bank v Long Is. Ch. Knights of Columbus Soc. Serv., 253 App Div 276; CPLR 5203, subd [a]; Valley Nat. Bank of Long Is. v Levy, 45 AD2d 771; 15 Carmody-Wait 2d, NY Prac, § 92:444; 6 Weinstein-Korn-Miller, NY Civ Prac, par 5203:09.)
Citing the circumstances surrounding its efforts to docket its judgment as set forth in the next paragraph, Gator asks this court to award it priority since a surplus money proceeding is an equitable proceeding.
The Gator judgment, docketed on June 18, 1980, was by virtue of an order of the Honorable Joseph P. Kuszynski, Justice of the Supreme Court, granted January 28, 1980 and entered on February 26, 1980. Under cover of letter dated March 27, 1980, Gator’s attorneys forwarded to the Clerk’s office all of the documents upon which the Kuszynski order was granted and requested the clerk to file those papers and “docket the Judgment accordingly”. By letter of *557 April 28, 1980 to the Clerk’s office, Gator’s attorneys requested verification of the docketing of the judgment. The Clerk’s office responded that “On March 28th at 9:53 A.M. the order granting Summary Judgment was only filed as an order not as a Judgment. We were waiting for you to file a Judgment.” Thereafter Gator’s attorneys prepared a judgment and forwarded it to the Clerk’s office where it was docketed on June 18,1980, subsequent to the docketing of M & T’s judgment.
Gator asserts that, but for the neglect of the Clerk’s office, its judgment would have been docketed prior to M & T’s judgment giving Gator priority. It should be noted that the record is silent as to when the M & T judgment was granted and entered.
In essence, Gator asserts that by virtue of obtaining an equitable lien, in the form of its undocketed judgment against A & M, prior to the time M & T obtained its legal claim, Gator enjoys priority with respect to the surplus money. This court disagrees.
Parties enjoying a lien upon real property are entitled to share in surplus money regardless of whether their lien is legal or equitable (15 Carmody-Wait 2d, NY Prac, § 92:427). However, legal liens are favored as against mere equitable interests in accordance with the equitable maxim that equity follows the law (15 Carmody-Wait 2d, NY Prac, § 92:444, p 398; Paragon Progressive Fed. Credit Union v Byndloss, 212 NYS2d 989).
Gator’s reliance on Savings & Loan Assn. of Kingston v Berberich (24 AD2d 187) is misplaced as that case involved a priority dispute as between holders of equitable liens rather than between holders of legal and equitable liens.
As the court suggested in Paragon Progressive Fed. Credit Union (supra), whatever caused the delay in docketing Gator’s judgment might be the subject of some other legal remedy but cannot be considered on this proceeding wherein M & T’s legal lien takes precedence over Gator’s prior but equitable lien.
Accordingly, the referee’s report herein is confirmed, M & T follows the State Tax Commission and precedes Gator *558 in priority with respect to the surplus money, and it directed that the surplus money be paid in that order.