**In re David COHEN and Marilyn Cohen, Debtors.**

**In re Arthur LEVINE and Gloria Levine, Debtors.**

**Robert SHAW and Rosalie Shaw, Plaintiffs,**

**v.**

**JAMAICA SAVINGS BANK, First Federal Savings & Loan Association of Rochester, f/k/a Ninth Federal Savings & Loan Association, Mann Forbes & Co., Inc., Central National Bank of New York, Jack Schlein, Louis Weiner, Hyman Golden & Arnold Greenberg, David Cohen, Marilyn Cohen, Arthur Levine and Gloria Levine, Defendants.**

Bankruptcy Nos. 885–51195–18, 885–51872–18.
Adv. Nos. 886–0046–18, 886–0047–18.

United States Bankruptcy Court, E.D. New York.

July 29, 1986.

Summit, Rovins & Feldesman, New York City, for debtor, Marilyn Cohen.

Russ, Weyl & Levitt, Massapequa, N.Y., for debtors, Levine.

C. Steven Hackeling, Melville, N.Y., for debtor, David Cohen.

Kirschenbaum & Kirschenbaum, P.C., Garden City, N.Y., for Jamaica Sav. Bank.

Bertram Gezelter, Flushing, N.Y., for plaintiffs.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

The plaintiffs have commenced this adversary proceeding to determine the extent and priority of their judgment liens on real property owned by David and Marilyn Cohen (hereinafter "debtors"). Jamaica Savings Bank (hereinafter "Jamaica") holds a first mortgage on this realty. Plaintiffs assert that their lien has priority over Jamaica's mortgage on two grounds: 1) the mortgage is not recorded; and 2) it does not adequately identify the premises pledged as security.

Jamaica has moved for summary judgment and seeks to dismiss plaintiffs' complaint for failure to state a cause of action. Jamaica also seeks sanctions against plaintiffs and their attorney for filing a frivolous complaint pursuant to Federal Rule of Civil Procedure 11.

In opposition to Jamaica's motion for summary judgment, plaintiffs reiterate that neither the mortgage nor the extension agreement between Jamaica and the debtors bears any indication of having been recorded. Plaintiffs also argue that these documents do not contain a lot number, street address or a metes and bounds description of the property mortgaged. Plaintiffs request the court to dismiss Jamaica's motion and assess costs of $500 against Jamaica and/or their attorneys for initiating a frivolous motion.

## FINDINGS OF FACT

1. On July 26, 1985, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. By order of this court dated September 25, 1985, the Chapter 13 proceeding was converted to a Chapter 7 liquidation as of September 16, 1985.

2. On April 1, 1984, plaintiffs loaned the sum of $23,000 to the debtors and Arthur and Gloria Levine, jointly and severally, for business investment purposes. Debtors signed a promissory note obligating them to repay the $23,000 plus interest at 8¾% per annum.

3. Plaintiffs subsequently executed judgment on the promissory notes and obtained a judgment lien on the real property in question.

4. From April 18, 1984 to March 8, 1985, plaintiffs received a total of $2,200 in payments pursuant to the terms of the promissory note as noted above.

5. Jamaica holds a first mortgage on realty owned by the debtors located at 57–26 225th Street, Bayside, Queens County, New York.

6. On April 10, 1964 Jamaica entered into a mortgage agreement with Alexander Muss and Sons, Inc. to secure a loan of $27,000. By further agreement, also dated April 10, 1964, debtors assumed the rights and obligations of Alexander Muss and Sons, Inc. as mortgagor to the agreement with Jamaica.

7. Jamaica's mortgage was recorded in the City Registrar, Queens County, on April 15, 1964 in Liber 8383 and Mortgage Page 228. The recordation of the mortgage is evidenced by a stamp on the document from the City Registrar in Queens County. The mortgage document also indicates that the property in question is located in section 42, block 10480, on the Land Map of the County of Queens.

8. The mortgage document contains a metes and bounds description of the location of the property. The description indicates that the property is located on 225th Street in Queens County, New York. It sets forth the distance of the property from the west side of 225th Street and the southerly side of 57th Avenue. The square footage of the property can be determined from this description, which also indicates that 225th Street and 57th Avenue are laid out on the City of New York Alteration Map No. 4322. The description contains neither a lot number nor the number address of the property.

## DISCUSSION AND CONCLUSION OF LAW

Under Bankruptcy Rule 7056, corresponding to Rule 56(c) of the Federal Rules of Civil Procedure, a court is to grant sum-

mary judgment where no genuine issue of material fact exists and, consequently, the moving party is entitled to judgment as a matter of law. *In re Forest Hills Associates*, 40 B.R. 410, 413, 11 B.C.D. 1145 (Bkrtcy.S.D.N.Y.1984). On a motion for summary judgment, the court need only decide whether any litigable issues are present in the case. *American Manufacturer Mutual Insurance Co. v. American Broadcasting-Paramount, Inc.*, 388 F.2d 272, 279 (2d Cir.1967), *cert. den.*, 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 752. A court reaches its determination on the summary judgment motion solely from the papers submitted by the parties. *In re Forest Hills Associates*, 40 B.R. at 413.

The party moving for summary judgment has the burden of proving the absence of any material factual issue in dispute. *In re Euro-Swiss Int'l. Corp.*, 33 B.R. 872, 877–79; 11 B.C.D. 113 (Bkrtcy.S.D.N.Y.1983). The non-moving party must counter by demonstrating that a genuine issue for trial exists. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. ——, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). If the court finds no factual issues in dispute, it will then use applicable law to determine the legal issues present in the summary judgment motion. *In re Euro-Swiss Int'l. Corp.*, 33 B.R. at 878. The facts of the case are to be construed by the court in a manner that is most favorable to the party opposing summary judgment. *American Manufacturer Mutual Insurance Co.*, 388 F.2d at 279.

Summary judgment has been utilized by courts to avoid frivolous litigation and resolve actions where the facts are undisputed. *American Manufacturer Mutual Insurance Co.*, 388 F.2d at 278, *In re Euro-Swiss Int'l. Corp.*, 33 B.R. at 878. In *Matsushita Electric Industrial Co.*, the Supreme Court held that where the record as a whole could not lead a trier of fact to find for the non-moving party, there is no genuine issue for trial. 106 S.Ct. at 1356. The Court also concluded that where the facts culled from the submitted papers render respondent's claims implausible, summary judgment should be granted. *Id.*

■ Plaintiffs attack Jamaica's mortgage on two grounds: 1) the mortgage and extension agreement between the debtors and Jamaica were not recorded; and 2) the mortgage and extension agreement do not contain an adequate description of the property. Pursuant to Section 291 of the New York Real Property Law, a mortgage must be recorded in the office of the clerk of the county where the property is located. Recordation is intended to protect the rights of innocent third-party purchasers of encumbered property. *Andy Assoc. Inc. v. Bankers Trust Co.*, 424 N.Y.S.2d 139, 143, 49 N.Y.2d 13, 399 N.E.2d 1160 (1979). Recordation establishes a public record which gives potential purchasers actual or constructive notice of any previous conveyances and encumbrances on the real property in question. *Id.* Jamaica's mortgage was duly recorded in the Queens County City Registrar. Accordingly, Jamaica's mortgage was properly recorded.

■ A mortgage must contain a reasonable description of the property to which it relates, which is clear, definite, and unique. *See generally*, N.Y.R.P.L. § 258, *accord*, *Shay v. Mitchell*, 378 N.Y.S.2d 334, 50 A.D.2d 404 (4th Dept. 1976), *aff'd*, 391 N.Y.S.2d 856, 40 N.Y.2d 1040, 360 N.E.2d 356. The property must be described in clear unambiguous language that cannot apply to any other area of land. *See, Barnosky v. Petteys*, 373 N.Y.S.2d 674, 49 A.D.2d 134 (3d Dept. 1975). A sufficient description will usually include: the geographical area of the property; a fixed beginning point, *i.e.*, a street corner, and a metes and bounds or courses and distances description of the property. *Id.* The property in which Jamaica holds its mortgage is readily identifiable from the metes and bounds description set forth in the mortgage document. Accordingly, the mortgage and extension agreement adequately identify the property in question.

Plaintiffs ask the court to determine the priority of their judgment lien vis-a-vis Jamaica's mortgage. A duly recorded mortgage is superior to the claims of subse-

quent judgment creditors. *Savings and Loan Ass'n of Kingston v. Berberich*, 264 N.Y.S.2d 989, 991, 24 A.D.2d 187 (3d Dept. 1965). Jamaica's mortgage thus enjoys a priority over the plaintiffs' judgment lien. Accordingly, summary judgment is granted in favor of Jamaica.

■ Jamaica has also requested sanctions in the form of attorneys fees pursuant to Bankruptcy Rule 9011. This court, however, does not find that the plaintiffs' attorney acted unreasonably in commencing the cause of action against Jamaica. Jamaica has suffered no significant damage as a result of defending themselves in this proceeding. A mortgagee is presumed to factor costs of defending the validity and priority of its interest into the expenses incurred within the ordinary course of business. Accordingly, debtors' application for attorney's fees is denied.

It is SO ORDERED.