In re Jack A. PECORA (a/k/a Jack A. Pecora Jr., d/b/a Quality Handyman Services) and Laurie Anne Pecora, Debtors.

No. 99–23153.

United States Bankruptcy Court, W.D. New York.

July 21, 2003.

**2**

George Mitris, Victor, NY, John A. Belluscio, Rochester, NY, for Debtors.

Richard P. Vullo, Rochester, NY, trustee.

### DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### *BACKGROUND*

On October 14, 1999, Jack A. Pecora and Laurie Anne Pecora (the "Debtors") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtors indicated that: (1) they were the owners of a residence at 43 Fraser Drive, Hilton, New York ("Fraser Drive"), which had a current fair market value of $100,000.00; (2) Fraser Drive was subject to a first mortgage in favor of Bank of America with an outstanding balance of $93,950.96; and (3) they were indebted to First Plus Financial ("First Plus") for an ordinary consumer debt in the amount of $23,784.44 (the "First Plus Debt").

The Chapter 7 docket indicates that: (1) on November 24, 1999, the Debtors filed an application, with the consent of the Chapter 7 Trustee, for an order authorizing the Trustee to abandon any interest of the estate in Fraser Drive; (2) on November 29, 1999, an abandonment order was entered; (3) on January 21, 2000, an Order Discharging the Debtor was entered; (4) on March 7, 2000, a Final Decree was entered closing the case; and (5) on June 23, 2003, the case was reopened so that the Debtors could file a motion (the "Contempt Motion") requesting that the Court: (a) hold USA Mortgage Bankers of America, Inc. ("Mortgage Bankers") and Real Time Resolutions, Inc. ("Real Time") in contempt for willfully violating the discharge injunction provided for by Section 524[1]; and (b) assess damages, including reasonable attorney's fees, for their continuing violations.

The Contempt Motion alleged that: (1) on January 7, 1998, the Debtors executed and delivered a note and a mortgage covering Fraser Drive in order to secure a loan from Mortgage Bankers (the "Fraser Drive Mortgage");[2] (2) prior to the filing

---

**1.** Section 524(a)(1) and (2) provide that:
(a) A discharge in a case under this title—
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]
11 U.S.C. § 524 (2003).

**2.** The note and mortgage were immediately assigned to First Plus.

of their Chapter 7 petition, the Debtors determined that the Fraser Drive Mortgage had not been recorded in the Monroe County Clerk's Office, so they scheduled the First Plus Debt as unsecured; (3) on February 27, 2002, Real Time recorded the Fraser Drive Mortgage even though the First Plus Debt had been discharged in the Debtors' bankruptcy; (4) notwithstanding that the underlying First Plus Debt was discharged, Real Time had taken the position that: (a) the lien of the Fraser Drive Mortgage was valid and enforceable; and (b) it had refused to discharge or otherwise remove the Mortgage despite the Debtors' demand; and (5) the Debtors had been damaged by the actions of Real Time in that they had a sale contract for Fraser Drive which the buyers rejected because of the refusal of Real Time to remove the Fraser Drive Mortgage.

On July 3, 2003, Real Time interposed Opposition to the Contempt Motion which alleged that: (1) before ceasing business in April 2000, First Plus assigned the Fraser Drive Mortgage, and Real Time was the current holder of the Mortgage; (2) Real Time acknowledged that it should not have filed the Mortgage subsequent to the filing of the Debtors' bankruptcy, and agreed to provide a satisfaction of the Mortgage; and (3) the Bankruptcy Court should impose an equitable lien on Fraser Drive and any proceeds that might result from the sale of the property because: (a) the Debtors received $24,000.00 in consideration of their execution of the note for the First Plus Debt and the Fraser Drive Mortgage; (b) even though the Mortgage was not recorded, the Debtors made payments on it prior to filing their bankruptcy petition; (c) as decided by the New York State Court of Appeals in *Payne v. Wilson,* 74 N.Y. 348 (1878), a valid mortgage, even though unrecorded, is effective between the parties and should be enforced as an equitable mortgage; and (d) even though the Debtors may have been discharged from their personal obligation to pay the First Plus Debt and the Fraser Drive Mortgage, an equitable lien should still be found to exist on Fraser Drive in accordance with New York State Law.

## DISCUSSION

We know from the decisions of New York State Courts that: (1) a validly executed and delivered mortgage on real property, even if not recorded, gives rise to an equitable lien between the mortgagor and the mortgagee; and (2) such an equitable lien is superior to the rights of judgment creditors of the mortgagor, but not bonafide purchasers for value of the real property. *See Hamilton Trust Co. v. Clemes,* 163 N.Y. 423, 57 N.E. 614 (1900); *Payne v. Wilson,* 74 N.Y. 348 (1878); *Savings and Loan Association of Kingston v. Berberich,* 24 A.D.2d 187, 264 N.Y.S.2d 989 (3rd Dept.1965).

We know from the decisions of the United States Supreme Court that: (1) liens that are not otherwise avoided for the benefit of the estate or a debtor under Sections 522, 544, 545, 547, 548, 549 or 724(a), pass through bankruptcy unaffected; and (2) a Chapter 7 discharge only extinguishes the personal liability of the mortgagor on the mortgage debt, it does not constitute payment or satisfaction of that debt, so that the mortgagee retains the right to payment in the form of its right to the proceeds from the sale of the mortgaged property. *See Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

In the Debtors' Chapter 7 case, not only did the Trustee not exercise any rights and powers that he may otherwise have had to avoid the unrecorded equitable

lien of the Fraser Drive Mortgage, he affirmatively consented to the abandonment of Fraser Drive. Because the Trustee would have had the status of a bonafide purchaser for value under Section 544(a)(3), the Trustee could have avoided the unrecorded Fraser Drive Mortgage had it benefitted the estate. However, the Trustee did not exercise his avoidance powers on behalf of the estate, apparently because there was not sufficient equity in Fraser Drive over and above the first mortgage and the Debtors' exemption to administer the property.

Therefore, the equitable lien of the unrecorded Fraser Drive Mortgage passed through the Debtors' Chapter 7 bankruptcy unaffected, even though the Debtors' personal liability on the First Plus Debt was extinguished by their discharge.[3]

■ Section 362(c)[4] provides that the automatic stay of an act against property of the estate continues until such property is no longer property of the estate and the stay of any other act continues until the case is closed. On March 7, 2000, when the Debtors' Chapter 7 case was closed, the equitable lien of the Fraser Drive Mortgage passed through bankruptcy unaffected, and there was no longer an automatic stay in effect to violate when the Mortgage was recorded in the Monroe County Clerk's Office on February 27, 2002, as permitted by the Fraser Drive Mortgage.

■ Furthermore, the act of recording the Fraser Drive Mortgage was to ensure that the equitable lien of the Mortgage was not affected by the rights of any future bonafide purchaser for value, not as an act to recover the First Plus Debt as a personal liability of the Debtors, so that act did not violate the discharge injunction provision of Section 524(a)(2).

For the foregoing reasons, the Court finds that: (1) the discharge injunction of Section 524 was not violated by the recording of the Fraser Drive Mortgage after the Debtors' case was closed; and (2) there is no need to remove the Mortgage because: (a) when it was recorded it did not violate either the automatic stay of Section 362 or the discharge injunction of Section 524; and (b) its recording will serve to prevent a bonafide purchaser for value from extinguishing the valid equitable lien of the Mortgage.

### CONCLUSION

The Contempt Motion is in all respects denied.

**IT IS SO ORDERED.**

---

3. For a similar decision under Minnesota law, *See In re Landmark*, 41 B.R. 766 (Bankr.Minn. 1984).

4. Section 362(c) provides that:
(c) Except as provided in subsections (d), (e), and (f) of this section—
(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
(2) the stay of any other act under subsection (a) of this section continues until the earliest of—
(A) the time the case is closed;
(B) the time the case is dismissed; or
(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.
11 U.S.C. § 362 (2003).