**Michael A. COSTA and Phyllis C. Costa, Plaintiffs,**

**v.**

**RESOLUTION TRUST CORPORATION, in its Capacity as Receiver for Comfed Savings Bank, F.A., International Realty Corporation, Vincent J. Crupi, Resolution Trust Corporation, in its Capacity as Conservator for Imperial Federal Savings Association, and Resolution Trust Corporation, in its Capacity as Conservator for Comfed Savings Bank, Defendants.**

**Civ. A. No. 91–10668–K.**

**United States District Court, D. Massachusetts.**

**March 14, 1991.**

44

Mitchell Garabedian, William H. Gordon, Boston, Mass., for plaintiffs.

Robert J. Hoffer, Barron & Stadfeld, Daniel S. Tarlow, Glovsky & Associates, Boston, Mass., for defendants.

## MEMORANDUM

KEETON, District Judge.

Pending before the court is plaintiffs' motion for preliminary injunction restraining the Resolution Trust Corporation ("RTC") from proceeding with a foreclosure sale of condominium units of which plaintiffs are record owners, in satisfaction of purchase money loans allegedly affected by fraud of depository institutions for which RTC is now receiver or conservator.

RTC contends that equitable relief is precluded by a statutory anti-injunction provision. In response to the court's inquiries about whether RTC is in effect contending that Congress has granted RTC a power to act in its own discretion and without ac-

countability in any forum, RTC has orally stipulated that this court has jurisdiction to adjudicate a claim by plaintiffs for money damages based on plaintiffs' contention that the foreclosure proceedings are being conducted by RTC in a manner that violates Massachusetts law and, by chilling prospective buyers, will result in sale at a lower amount than would be realized at a valid foreclosure sale.

This stipulation undercuts, to some extent at least, plaintiffs' claim of irreparable harm. Even more significantly, it bears upon the statutory interpretation issue presented by this controversy. The RTC contention is not a claim that Congress granted it a raw power without accountability, but only that Congress forbad a court's allowing equitable relief that would interfere with the manner of RTC's exercise of its statutory authority.

In these circumstances, I conclude that plaintiffs' motion for preliminary injunction must be denied.

"Corporation" as used in the statutes relevant to the present action means the Resolution Trust Corporation. 12 U.S.C. § 1441a(a) (1990 Pocket Part).

With exceptions not relevant here,

the Corporation shall have the same powers and rights to carry out its duties with respect to institutions described in paragraph 3(A) [depository institutions the accounts of which were insured by FSLIC before enactment of FIRREA in 1989] as the Federal Deposit Insurance Corporation has under sections 11, 12, and 13 of the Federal Deposit Insurance Act [12 U.S.C. §§ 1821, 1822, and 1823] with respect to insured depository institutions (as defined in section 3 of the Federal Deposit Insurance Act [12 U.S.C. § 1831]).

12 U.S.C. § 1441a(b)(4) (1990 Pocket Part).

Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or receiver.

12 U.S.C. § 1821(j). "Board of Directors" as used in subsection (j) refers to the Board of the FDIC. 12 U.S.C. § 1812(a). In the application of § 1821(j) to the Resolution Trust Corporation, pursuant to 12 U.S.C. § 1441a(b)(4), the relevant "Board of Directors" is the "Oversight Board" of the RTC. 12 U.S.C. § 1441a(a). There is no contention here that the Oversight Board has requested this court to act in the present case.

Plaintiffs ask the court to read § 1441a(b)(4) as not adopting § 1821(j) in relation to RTC "powers" because § 1821(j) speaks only to a limitation on powers of courts and says nothing at all about "powers" of RTC. This contention must be rejected because the central purpose of § 1821(j) is to protect "powers" granted elsewhere—to preclude a court from "restrain[ing]" or "affect[ing]" the exercise of those powers. Reading the statute as allowing injunctions against RTC that would be forbidden as to FDIC would mean that the "powers" of RTC would be far more limited than those of FDIC in like circumstances. This interpretation is plainly contrary to the manifested meaning of section 1441a(b)(4).

Plaintiffs may be understood as arguing also, that the power of foreclosure asserted by RTC in this case has not been granted elsewhere in the statute, because the statutory power of RTC to foreclose is only a power to foreclose consistently with applicable state law. This argument fails, however, because it reads too narrowly the statutory powers of the RTC. Section § 1441a grants to RTC "powers ... to carry out its duties with respect to [insured depository] institutions," which powers include the management and preservation of the assets of those institutions. To read into that broad authorization a limitation such as plaintiffs propose would virtually eviscerate the anti-injunction provision. The several statutory provisions must instead be read together to give meaning to all of them. The court cannot grant an injunction here without "restrain[ing] or affect[ing] the exercise of these powers or functions of the Corporation as a conservator or receiver" of depository institutions.

The present case is not one in which the Corporation is asserting some power beyond those granted to it as a conservator or receiver. Rather, it is a case in which the Corporation has begun to exercise a power as conservator or receiver to realize the value of security for debts owing to the Corporation in this capacity, and the plaintiff is asking the court to restrain the exercise of that power on the ground that RTC is exercising it in a manner that is not in compliance with applicable state law.

The injunction must be denied because this court is precluded by statute from granting the relief sought. I need not and do not address other issues that would be presented were the court not precluded by statute from granting injunctive relief.