**WASHINGTON PROPERTIES LIMITED PARTNERSHIP, Plaintiff,**

v.

**The RESOLUTION TRUST CORPORA- TION, Receiver for Baltimore Federal Financial, F.S.A., Defendant.**

**Civ. A. No. 90–3002(CRR).**

United States District Court,
District of Columbia.

March 20, 1992.

---

Lorin H. Bleecker, of Katz, Frome, Slan and Bleecker, P.A., Rockville, Md., with whom Susan J. Rubin and Gail B. Landau, of Katz, Frome, Slan and Bleecker, P.A., Rockville, Md., were on the brief, for plaintiff.

Thomas C. Beach, III, of Whiteford, Taylor & Preston, Baltimore, Md., with whom Stephen F. Fruin, Gary S. Posner, and Michael D. Oliver, of Whiteford, Taylor & Preston, Baltimore, Md., were on the brief, for defendant.

ORDER

CHARLES R. RICHEY, District Judge.

The plaintiff in the above-captioned action, Washington Properties Limited Partnership, petitions this Court for a Temporary Restraining Order and Preliminary Injunction to prevent the defendant Resolution Trust Corporation ("RTC") from foreclosing on the deed of trust that is the subject of ongoing litigation in this case.

In the underlying action, the plaintiff asserts that it is entitled to relief under a number of theories. *See* Complaint. By Order of October 11, 1991, this Court ordered a separate trial on the plaintiff's rescission claim in the interest of efficiency, judicial economy, and to further the convenience of the parties. The defendant now seeks to foreclose on the deed of trust, which is the subject of the trial scheduled for next month on the rescission claim.

While it understands the importance of the matter to the plaintiff, this Court is unable to grant to the plaintiff the injunctive relief it seeks. The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") provides that "no court may take any action ... to restrain or affect the exercise of powers or functions of the Corporation [RTC] as a conservator or receiver." 12 U.S.C. § 1821(j). This provision deprives this Court "of the ability to enjoin nonjudicial foreclosures that are within the statutory powers of the RTC as conservator or receiver." *281–300 Joint Venture v. Onion,* 938 F.2d 35, 39 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 933, 117 L.Ed.2d 105 (1992). The instant motion involves a nonjudicial foreclosure that is within the RTC's power to, *inter alia,* "collect all obligations and money due the institution". 12 U.S.C. § 1821(d)(2)(B)(ii). Therefore the Court is precluded by statute from enjoining the foreclosure. *Onion* at 39; *see also Costa v. Resolution Trust Corp.,* 789 F.Supp. 43 (D.C.Mass.1991) (Keeton, J.).

Accordingly, it is, by the Court, this 20th day of March, 1992,

ORDERED that the plaintiff's Motion for a Temporary Restraining Order and

Preliminary Injunction shall be, and hereby is, DENIED.