Attila VOLGES, Plaintiff–Appellee,

v.

RESOLUTION TRUST CORPORATION,
Defendant–Appellant.

In re RESOLUTION TRUST
CORPORATION,
Petitioner.

Attila VOLGES, Plaintiff,

v.

RESOLUTION TRUST CORPORATION,
Defendant.

Nos. 1995, 1866, Dockets 94–6061, 94–3023.

United States Court of Appeals,
Second Circuit.

Argued June 6, 1994.

Decided Aug. 11, 1994.

Robert C. Hiltzik, Great Neck, NY, for plaintiff-appellee.

P. Matthew Sutko, Washington, DC (Resolution Trust Corp., Washington, DC, Anthony A. Dean, Daniel W. Dienst, Windels, Marx, Davies & Ives, New York City, of counsel), for defendant-appellant.

Before: WINTER and WALKER, Circuit Judges, and POLLACK, District Judge.*

WALKER, Circuit Judge:

This appeal presents the issue of whether courts have subject matter jurisdiction to enjoin the Resolution Trust Corporation ("RTC") from disposing of assets of a failed institution under the RTC's receivership, when the disposition arguably would violate a post-receivership contract entered into by the RTC. The United States District Court for the Eastern District of New York (Thomas C. Platt, *Chief Judge* ) enjoined the RTC from auctioning off mortgages it previously contracted to sell to plaintiff-appellee Attila Volges. The district court held that because the RTC was not statutorily authorized to breach its own contracts, the proposed disposition was beyond the RTC's powers and therefore the anti-injunction provision of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(j), did not apply. On appeal to this court, the RTC argues that the anti-injunction provision deprives the district court of jurisdiction to enjoin the RTC in the performance of its statutory powers, including the transfer of assets. For the reasons that follow, we vacate the injunction and the district court's order holding that it has equitable jurisdiction over the RTC, and remand with instructions to dismiss the complaint.

BACKGROUND

The facts of this case are straightforward and undisputed. Plaintiff-appellee Attila Volges borrowed $1.6 million from State Savings F.A., with the loans secured by mortgages on six properties owned by Volges. Volges defaulted on the loans in 1988, and has made no payments since. State Savings F.A. was declared insolvent in 1991 and the RTC, as receiver, assigned most of the bank's assets, including the Volges mortgages, to State Savings, FSB, a newly formed institution. Approximately one year later State Savings, FSB failed and the RTC was appointed as its receiver. Title to the Volges

mortgages thus passed to the RTC by operation of law. *See* 12 U.S.C. § 1821(d)(2)(A)(i).

Volges subsequently was able to negotiate a settlement agreement with the RTC that entitled him to retire the mortgages at a substantial discount below their face value. The agreement called for Volges to tender payment by November 29, 1993. When Volges failed to meet this deadline, the RTC scheduled the mortgages for sale at public auction. Thereupon, Volges brought the instant suit for injunctive relief claiming that the settlement contract had been orally modified, and that the RTC was on the verge of breaching the modified contract. His complaint sought to enjoin the RTC from "auctioning off, selling or otherwise transferring the mortgages."

After a hearing on Volges's motion for a preliminary injunction, the district court referred the case to a magistrate judge to settle a factual dispute concerning Volges's performance of the contract. The court instructed the RTC, "in the meanwhile don't settle those mortgages until that question has been determined." On February 17, 1994, after the RTC filed a Suggestion of Lack of Subject Matter Jurisdiction, *see* Fed. R.Civ.P. 12(h)(3), the district court entered an order ruling that it had jurisdiction to enjoin the RTC from breaching its contract with Volges, 844 F.Supp. 921. The RTC appeals the grant of injunctive relief, and the district court's February 17 decision upholding its jurisdiction. *See San Filippo v. United Bhd. of Carpenters,* 525 F.2d 508, 512–13 (2d Cir.1975) (court may review suggestion of lack of subject matter jurisdiction upon otherwise proper interlocutory appeal).

DISCUSSION

■ FIRREA's anti-injunction provision, 12 U.S.C. § 1821(j), provides that:

Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of

* The Honorable Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

powers or functions of the [RTC] as a conservator or a receiver.

The district court interpreted the language of § 1821(j) to mean that no court may enjoin the RTC when it is exercising its receivership powers in a manner that is otherwise consistent with a party's rights under state contract law. The court reasoned that although the RTC ordinarily could dispose of the mortgages in any manner it saw fit, and although the RTC is empowered to repudiate contracts entered into by an institution pre-receivership, once the RTC itself enters into a settlement contract it can be held to the agreement's terms. The court concluded that the disposition of assets in violation of a post-receivership contract was beyond the RTC's statutory powers—in effect *ultra vires*—and that the anti-injunction provision therefore did not shield the RTC from the court's equitable jurisdiction.

We do not agree with the implicit limitation the district court reads into § 1821(j) that would give courts equitable jurisdiction to compel the RTC to honor a third party's rights as against the RTC under state contract law. Such a limitation cannot be found in the statutory language. Section 1821(j) broadly and unequivocally states that "no court may take any action ... to restrain or affect the exercise of powers or functions of the [RTC]." Nor can the district court's limitation be reconciled with § 1821(j)'s overall purpose.

FIRREA's anti-injunction provision is but part of a broader scheme enacted to allow the RTC expeditiously to wind up the affairs of defunct savings and loan institutions without judicial interference. *See, e.g.*, 12 U.S.C. § 1821(d)(13)(C) (prohibiting courts from attaching or executing upon RTC assets); *id.* § 1825(b)(2) (prohibiting involuntary sale, foreclosure, or placement of liens upon RTC property); *see also RTC v. Diamond*, 18 F.3d 111, 113 (2d Cir.1994), *petition for cert. filed*, 62 U.S.L.W. 3757 (May 5, 1994); *Telematics Int'l, Inc. v. NEMLC Leasing Corp.*, 967 F.2d 703, 705–06 (1st Cir.1992). Consistent with that purpose, the anti-injunction provision is a direct manifestation of Congress's intent to prevent courts from inter-fering with the RTC in the exercise of its statutory powers.

The proposed sale of the Volges mortgages plainly falls within the "powers or functions of the [RTC] as a conservator or a receiver." One of the RTC's primary functions is to dispose of a failed institution's assets in a way that "maximizes the net present value return from the sale or other disposition" of assets under its control. 12 U.S.C. § 1441a(b)(3)(C)(i); *IBJ Schroder Bank & Trust Co. v. RTC*, 26 F.3d 370, 372 (2d Cir.1994). Moreover, Congress expressly granted the RTC, as conservator or receiver, the power to transfer a failed institution's assets "without any approval, assignment, or consent with respect to such transfer." 12 U.S.C. § 1821(d)(2)(G)(i)(II). This is not a case, therefore, where the RTC "is asserting some power beyond those granted to it as a conservator or receiver." *Costa v. RTC*, 789 F.Supp. 43, 45 (D.Mass.1991).

The fact that the sale might violate Volges's state law contract rights does not alter the calculus. As several courts have held, the fact that the RTC's actions might violate some other provision of law does not render the anti-injunction provision inapplicable. *See, e.g., National Trust for Historic Preservation v. FDIC*, 995 F.2d 238, 240 (D.C.Cir.1993) (per curiam) ("We do not think it possible, in light of the strong language of § 1821(j), to interpret the FDIC's 'powers' and 'authorities' to include the limitation that those powers be subject to—and hence enjoinable for non-compliance with—any and all other federal laws."), *aff'd and reinstated on reh'g*, 21 F.3d 469 (D.C.Cir. 1994); *Gross v. Bell Sav. Bank Pa Sa*, 974 F.2d 403, 408 (3d Cir.1992) ("[T]he availability of injunctive relief does not hinge on our view of the proper exercise of otherwise-legitimate powers."); *Harkness Apartment Owners Corp. v. FDIC*, No. 87 Civ. 7080 (RJW), 1993 WL 138772, at *2–*3 (S.D.N.Y. Apr. 26, 1993) (rejecting claim that § 1821(j) does not apply when agency activity violates state and local statutes), *aff'd without op.*, 999 F.2d 538 (2d Cir.1993). If every party to an executory contract entered into by the RTC could obtain injunctive relief to prevent an alleged breach, the anti-injunction man-

date would be severely restricted, if not meaningless.

The Fifth Circuit has aptly summarized the defect we find in Volges's argument:

> [Plaintiff] fails (or refuses) to recognize the difference between the exercise of a function or power that is clearly outside the statutory authority of the RTC on the one hand, and improperly or even unlawfully exercising a function or power that is clearly authorized by statute on the other. None can question that the RTC is statutorily authorized to sell real estate of an institution which is under RTC conservatorship or receivership.... [E]ven if the RTC improperly or unlawfully exercised an authorized power or function, it clearly did not engage in an activity outside its statutory powers. Yet only the latter type of act could conceivably subject the RTC to injunction or rescission as an exception to the anti-injunction provisions of § 1821(j)....

*Ward v. RTC,* 996 F.2d 99, 103 (5th Cir.1993) (per curiam). Because the sale of the Volges mortgages is in furtherance of the RTC's functions as receiver, the district court did not have jurisdiction to enjoin the RTC from carrying out the planned disposition regardless of Volges's ultimate chance of success on his contract claim.

■ The fact that courts lack equitable jurisdiction over the RTC in the exercise of its statutory functions, of course, does not leave Volges without a remedy. Although § 1821(j) precludes equitable remedies, a plaintiff may still assert a claim for damages against the RTC through the normal claims process. *See id.* at 104; *Rosa v. RTC,* 938 F.2d 383, 399 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991). In this case, the RTC has stipulated in its brief and at oral argument that Volges will be permitted to assert such a claim.

## CONCLUSION

The district court's injunction and February 17, 1994 order are vacated, and the case is remanded with instructions to dismiss the complaint.