BEVERLY HEALTH AND REHA-
BILITATION SERVICES,
INC., Appellant,

v.

Frederick L. FEINSTEIN, General
Counsel, National Labor Relations
Board, Appellee.

No. 96–5206.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 15, 1996.

Decided Dec. 31, 1996.

Rehearing Denied March 4, 1997.

William H. DuRoss, III, Washington, DC, argued the cause for appellant, with whom Hugh L. Reilly was on the brief.

Nancy E. Kessler Platt, Attorney, National Labor Relations Board, Washington, DC, argued the cause for appellee, with whom Margery E. Lieber, Assistant General Counsel, and Eric G. Moskowitz, Deputy Assistant General Counsel, were on the brief.

Before: WALD, WILLIAMS and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge WALD.

WALD, Circuit Judge:

Beverly Health and Rehabilitation Services, Inc. ("Beverly"), a long-term health care company which employs 83,000 people in 33 states and the District of Columbia, brought this action in the district court to enforce a written agreement that it had entered into with the General Counsel of the National Labor Relations Board ("NLRB" or "Board"). The agreement purports to govern procedures for handling multiple unfair labor practice charges filed against Beverly and to restrict the content of complaints issued by the General Counsel that stem from such charges. Through this agreement, Beverly, which operates over 703 individual facilities, hoped to avoid (1) the consolidation

of unfair labor practice charges lodged against individual Beverly facilities, (2) the identification of Beverly's various subsidiaries and affiliates as a "single employer," and (3) the imposition of nationwide remedial measures.

During the term of the agreement, the NLRB Director for Region 6, acting under power delegated to him by the General Counsel, issued orders consolidating three unfair labor practice charges against the Grandview Healthcare Center facility in Oil City, Pennsylvania. The consolidated complaint named Beverly, its Pennsylvania subsidiary, the Grandview facility and 19 other facilities located in Pennsylvania as respondents and sought a remedial order covering all of Beverly's Pennsylvania facilities, "not only the [20] facilities listed in [the complaint]." Beverly responded by filing this action for breach of the written agreement in district court.

After Beverly filed this civil action, the Regional Director postponed indefinitely the administrative hearing on the consolidated complaint and the General Counsel of the NLRB gave ten days notice of his intention to terminate the agreement with Beverly, as permitted by its terms. After the termination of the agreement, the NLRB Director for Region 6 issued a second consolidated complaint. The second complaint incorporated different unfair labor practice charges than those included in the first complaint, although, as with the first complaint, it named Beverly, its Pennsylvania subsidiary and the same 20 Pennsylvania facilities as respondents. The second consolidated complaint also sought remedial measures applying to all Pennsylvania facilities. Beverly did not, however, amend its complaint in the civil action to add allegations concerning the issuance of the second consolidated complaint.

The General Counsel moved to dismiss this civil action, arguing, *inter alia*, that the district court lacked subject matter jurisdiction to entertain a breach of contract claim against the NLRB's General Counsel. The district court agreed, explaining that "a federal district court does not have jurisdiction to enjoin or restrain the Board or its agents from conducting unfair labor practice pro-

ceedings," unless "a party can show that the Board or General Counsel has violated a specific mandatory requirement in the National Labor Relations Act." *Beverly Health and Rehabilitation Services, Inc. v. Feinstein*, Civil Action No. 96-633(GK), slip op. at 3, 4, 1996 WL 523729 (D.D.C. July 25, 1996). Since the rights asserted by Beverly derived from the written agreement, not the National Labor Relations Act ("NLRA"), the district court determined that there was no justification for the court's invading the Board's normal autonomy in bringing and disposing of unfair labor practice cases. The district court explained that "the conduct at issue here is an exercise of prosecutorial discretion, which is not reviewable in this Court." *Id.* at 5. Accordingly, it dismissed the case, and Beverly brought this appeal. We review the district court's dismissal of Beverly's complaint *de novo*. *Kidwell v. Department of Army, Bd. for Correction of Military Records*, 56 F.3d 279, 283 (D.C.Cir.1995).

The single narrow issue we address on this appeal is whether the National Labor Relations Act, as amended by the Labor Management Relations Act, 29 U.S.C. § 151 *et seq.*, prevents a district court from exercising subject matter jurisdiction in order to review a charging decision of the General Counsel of the NLRB when that decision is alleged to be in violation of an agreement entered into by the General Counsel. Because the NLRA insulates the General Counsel from judicial review of his prosecutorial functions, we hold that the General Counsel's decision to issue the first consolidated complaint cannot be challenged in a separate civil action to enforce the contract which purportedly limits his discretion in that regard. Accordingly, we affirm the district court's dismissal.

## I. ANALYSIS

Enforcement of the NLRA's prohibition against unfair labor practices is accomplished through a split-enforcement system, assigning all prosecutorial functions to the General Counsel of the NLRB and all adjudicatory functions to the Board. *NLRB v. United Food & Commercial Workers Union, Local 23*, 484 U.S. 112, 123–28, 108 S.Ct. 413, 420–24, 98 L.Ed.2d 429 (1987). Under the Act,

the administrative process begins with the filing by a private party of a "charge." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138, 95 S.Ct. 1504, 1510–11, 44 L.Ed.2d 29 (1975); *see* 29 U.S.C. §§ 153(d); 160(b). The adjudication of such charges by the Board is predicated upon the issuance by the NLRB's General Counsel of a "complaint" based on the charges. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 138, 95 S.Ct. at 1510–11; *see* 29 U.S.C. §§ 153(d), 160(b). The complaint itself has no legal effect upon an employer's business, except to impose upon the employer the burden of defending itself in an agency adjudication. 29 U.S.C. § 160(b). The complaint may be disposed of through settlement or formal adjudication before the Board. Once the Board issues a final order, it is appealable to a United States Court of Appeals. *Id.* § 160(f).

Section 153(d) of the NLRA dictates that the General Counsel is the "final authority . . . in respect of the investigation of charges and issuance of complaints . . . and in respect of the prosecution of such complaints before the Board." 29 U.S.C. § 153(d). No provision of the Act provides for judicial review of any of these prosecutorial functions. On the other hand, the Act specifically provides for judicial review of "final order[s] of the Board." *Id.* § 160(f) (jurisdiction for aggrieved parties to challenge Board orders); *see also id.* § 160(e) (jurisdiction to enforce Board orders).[1] The Supreme Court accordingly has held that the Act does not authorize judicial review of the General Counsel's decision to file or withdraw a complaint. *NLRB v. United Food & Commercial Workers Union, Local 23*, 484 U.S. at 124–26, 108 S.Ct. at 421–23 *id.* at 131, 108 S.Ct. at 425 (in "the entire NLRA, judicial review is expressly provided only in respect of Board orders . . . . Congress purposely excluded prosecutorial decisions from this review."); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 138, 95 S.Ct. at 1510–11; *Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct. 903, 912–13, 17 L.Ed.2d 842 (1967).

In this case, the General Counsel issued a complaint consolidating several individual charges and seeking a remedy that would apply both to the specific Beverly facilities in Pennsylvania where the individual unfair labor practices are alleged to have occurred and to other Beverly facilities in Pennsylvania. Beverly contends that the General Counsel entered into a formal agreement not to pursue such consolidated complaints and not to seek such "extraordinary remedies." Beverly has asked the district court, in effect, to reach down into the administrative process, assess the contents of the first consolidated complaint issued against Beverly's Pennsylvania facilities and, if Beverly is right on the merits of its breach of contract claim, order the General Counsel to "fix" the complaint. Beverly argues that the judicial intervention it seeks does not clash with the protection afforded prosecutorial decisions under the NLRA because the conduct in dispute concerns only "the *contents* of the administrative complaints," not the "issuance of complaints." Appellant's Brief at 13 (emphasis in original). And, even if such decisions are deemed prosecutorial, continues Beverly, the General Counsel's signature on the written agreement underlying this dispute trumps the statutory protection ordinarily accorded to prosecutorial decisions.

We find little merit in Beverly's claim that its civil action would not invade the realm of prosecutorial discretion. A charging determination of the type challenged here is a quintessential example of a prosecutorial decision. It involves a balancing of culpability, evidence, prosecutorial resources, and the public interest. The weighing of all those considerations factors into the issuance of a complaint. The formulation of the proper contours of a complaint is a critical first step in the prosecutorial journey and Beverly's attempt to segregate the framing of the complaint from the enforcement process does not wash. *See Royal Typewriter Co. v. NLRB*, 533 F.2d 1030, 1040 (8th Cir.1976) ("discretion to frame the issues in an unfair labor

---

1. The only provision for district court jurisdiction in the NLRA is section 10(j) of the Act, 29 U.S.C. § 160(j), which provides for the issuance of a temporary injunction in order to prevent the continuation of unfair labor practices from nullifying the effect of any relief ultimately ordered by the Board. *D'Amico v. United States Service Indus., Inc.*, 867 F.Supp. 1075 (D.D.C.1994).

practice case rests in the General Counsel, who occupies a role not unlike that of a prosecutor").

Beverly's second argument that the written agreement signed by the General Counsel eviscerates the jurisdictional limitation imposed by the NLRA against judicial review of the issuance of a complaint fares no better. Jurisdiction—the power to decide cases—is in the hands of Congress and assigned to agencies and the courts by statute. To determine whether the NLRA's statutory preclusion of judicial review over complaints encompasses Beverly's civil action, we examine whether the Act clearly and convincingly demonstrates that is Congress' intent. *NLRB v. United Food & Commercial Workers Union, Local 23*, 484 U.S. at 131, 108 S.Ct. at 425. Because there is no statutory language here expressly precluding review of the General Counsel's charging decision, we look to "the structure and history of the statute to determine whether the requisite congressional intent to bar judicial review is clearly established." *Id.* With substantial help from the Supreme Court, we conclude that the NLRA precludes district court jurisdiction over Beverly's claim.

"The NLRA leaves no doubt that it is meant to be, and is, a comprehensive statute concerning the disposition and review of the merits of unfair labor practice charges.... [It] exhaustively sets out the stages through which such charges may pass, from the filing of a complaint, to a Board determination, and to judicial enforcement and review." *NLRB v. United Food & Commercial Workers Union, Local 23*, 484 U.S. at 131, 108 S.Ct. at 425 (rejecting argument that the Administrative Procedure Act, 5 U.S.C. § 704, provides an alternative route for judicial review of the General Counsel's prosecutorial decisions). The part of the process that is in the hands of the General Counsel is insulated from judicial review in order to protect the incen-

tive for parties to settle and remedy claims of unfair labor practices quickly and expeditiously. *Id.* at 131–32, 108 S.Ct. at 425. Judicial review of the issuance of a complaint is likely to interfere with the proper functioning of the agency and burden the courts. It denies the agency an opportunity to correct its own mistakes and would allow parties to delay the proceedings by instituting collateral litigation. The consequences then "could be most serious.... This hazard to the functioning of the 'lifeblood' of the administrative process could certainly not have been the congressional intention." *Id.* at 132, 108 S.Ct. at 426. Nor have we found, or has Beverly identified, any portion of the legislative history of the NLRA suggesting that Congress intended an exception to its preclusion of judicial review over the complaint process in these circumstances. Thus, we conclude that the NLRA's protection of prosecutorial decisions is a direct manifestation of Congress' intent to prevent courts from interfering with the General Counsel's exercise of his statutory powers.[2]

█ The civil action filed by Beverly plainly conflicts with the General Counsel's authority to issue complaints. The fact that the General Counsel's exercise of his statutory powers may violate Beverly's contract rights does not in itself render the NLRA's jurisdictional limitations inapplicable. "[C]ourts decide cases within their jurisdiction rather than asserting jurisdiction because they believe that a substantive claim ought to be considered." *Czerkies v. United States Dep't of Labor*, 73 F.3d 1435, 1447 (7th Cir.1996) (en banc) (Easterbrook, J., concurring). To hold otherwise would render the jurisdictional limitation meaningless. *Cf. Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 209–12, 114 S.Ct. 771, 777–79, 127 L.Ed.2d 29 (1994) (streamlined health and safety enforcement program would be

---

**2.** Our interpretation of the NLRA is consistent with a sensible understanding of when agency action should be subject to review. In this case, all that has occurred and all that has been challenged is the issuance of a complaint. The Act requires that the complaint state the unfair labor practice charges and contain a notice of hearing. 29 U.S.C. § 160(b). The respondent may answer the complaint and present testimony before an

administrative law judge to refute the charges. *Id.* The burden of responding to an administrative complaint is not the sort of burden "attending what ... has been considered to be final agency action" warranting judicial review. *Federal Trade Comm'n v. Standard Oil Co. of Cal.*, 449 U.S. 232, 242, 101 S.Ct. 488, 494, 66 L.Ed.2d 416 (1980).

thwarted by judicial review); *Northeast Erectors Ass'n v. Secretary of Labor*, 62 F.3d 37 (1st Cir.1995) (Occupational Safety and Health Act's comprehensive administrative scheme precludes district court from exercising subject matter jurisdiction over claim that agency enforcement breached oral agreement); *Volges v. Resolution Trust Corp.*, 32 F.3d 50 (2d Cir.1994) (violation of state contract law did not trigger an exception to the statute prohibiting courts from "restrain[ing] or affect[ing]" the statutory "powers or functions" of the Resolution Trust Corporation), *cert. denied*, —— U.S. ——, 115 S.Ct. 2618, 132 L.Ed.2d 860 (1995).

Our decision in *Alabama Power Co. v. FERC*, 993 F.2d 1557 (D.C.Cir.1993), is not to the contrary. In *Alabama Power*, a power company sought to directly appeal to the Court of Appeals a Federal Energy Regulatory Commission ("FERC") order initiating an investigation of the company's rate schedules as violative of a settlement agreement that it had entered into with FERC. FERC does not split prosecution into one entity and adjudication into another and the Federal Power Act provides that "[a]ny party to a proceeding ... aggrieved *by an order issued by the Commission* in such proceeding may obtain a review of such order in the United States Court of Appeals...." 16 U.S.C. § 825*l*(b) (emphasis added). FERC argued nonetheless that it had yet to issue a final, reviewable order because it was still in the midst of its rate investigation. Thus, the controlling question in *Alabama Power* was whether the investigation order was "final" for purposes of the judicial review provision of the Federal Power Act. We face a different question here—does the statute permit judicial review of a charging decision. Because we find that the NLRA does not permit a court to review the issuance of a complaint, we reach a different result than in *Alabama Power*.

Of course, it is not the fact that the General Counsel can freely abjure his contractual obligation. His decision to prosecute the alleged violations in a particular manner is effectively reviewed through the ordinary administrative review scheme. As described previously, that scheme delays judicial review until the Board reaches a final disposition of the underlying charges. Delaying judicial review of the prosecution, however, will not "foreclose all meaningful judicial review." *Thunder Basin Coal Co. v. Reich*, 510 U.S. at 212–13, 114 S.Ct. at 779 (citing, *inter alia, Heckler v. Ringer*, 466 U.S. 602, 618, 104 S.Ct. 2013, 2023, 80 L.Ed.2d 622 (1984)). Beverly's claims directly concern the propriety of the General Counsel's enforcement of the NLRA. "If, indeed, the government has engaged in conduct which should prevent it from enforcing its regulation, there is no reason for the employer not to raise that issue as a defense during ... the ordinary administrative review procedure. Such a defense would not be so 'wholly collateral' to the [NLRA's] review provisions, nor so outside [the NLRB's] expertise, that it should be exempted from the [NLRA's] review scheme." *Northeast Erectors Ass'n v. Secretary of Labor*, 62 F.3d 37, 40 (1st Cir.1995).

The record of the case initiated by the second consolidated complaint supports our conclusion on this point. The hearing on the second complaint commenced July 15, 1996. Beverly raised the written agreement as an affirmative defense, but, upon the General Counsel's motion, the Administrative Law Judge ("ALJ") struck the defense. Beverly appealed to the NLRB, which reversed the ALJ's ruling and directed the ALJ "to address that defense *on the merits* in his decision to the extent he has not already done so in his order...." *Re: Beverly Health and Rehabilitation Services, Inc.*, Cases6–CA–27873, *et al.*, Decision on Respondent's Req. for Special Permission to Appeal at 2 (N.L.R.B. Aug. 5, 1996) (emphasis added). On remand, the General Counsel argued to the ALJ that the agreement does not preclude consolidation of cases according to the terms of the NLRB Case Handling Manual, that those normal case handling principles were applied in formulating the second consolidated complaint, and that the agreement had been terminated before the second consolidated complaint was issued. Appellant's Supplemental Filing, Tr. 62–63. The ALJ ruled that he would exclude the defense "basically for the reasons expressed by the General Counsel and the documents that are

already before us on this record, ... [but] I will revisit the matter in my [written] initial decision." *Id.* at 68. Thus the NLRB fully intends to review the defense on the merits and the Board's decision on the matter will in turn be entitled to judicial review by the Court of Appeals.[3] Beverly will, if necessary, have its day in court on the charging issue, but not today.

## II. CONCLUSION

■ Because the National Labor Relations Act does not permit the district court to exercise jurisdiction over the decision of the General Counsel of the NLRB to issue an unfair labor practice complaint, we affirm the district court's dismissal of this action.

*So ordered.*

**3.** We express no opinion on whether there may be circumstances where an order of the NLRB directing that an adjudication proceed in the face of a respondent's contract claims would be a final order for purposes of 29 U.S.C. § 160(f).