■ IRVING WEILAND, Appellant, v. MAX BERNSTEIN et al., Respondents.— In an action by the purchaser to rescind a contract for the purchase and sale of real property, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, dated October 21, 1959, and entered December 8, 1959, dismissing the complaint, after trial before an Official Referee. Judgment reversed on the law and the facts, with costs, and judgment directed for plaintiff, with costs, rescinding the contract of sale, dated November 22, 1955, between the parties hereto; directing that the purchase-money bond and

mortgage upon said property be cancelled and discharged of record; awarding plaintiff $3,846.70, with interest thereon from April 9, 1957, as demanded in the complaint; and directing defendants to pay this sum to plaintiff upon: (1) his delivery to them of a duly executed deed to the premises described in the contract; (2) his delivery to them of the building permits referred to in the contract; and (3) either his filing with the County Clerk of Suffolk County proof by affidavit of his delivery to defendants of such deed and permits and of defendants' acceptance of them, or his delivery of such deeds and permits to the said County Clerk to be held by him subject to further order. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The plaintiff was induced to execute the contract of purchase and sale by and in reliance upon false representations by defendants with respect to the dimensions and area of the property which was the subject matter of the contract. It was conceded at the trial that the quantity of land which defendants were able to and did convey was substantially less than that described in the contract. The contract contained the following provision: "The acceptance of a deed by the Purchaser shall be deemed to be a full performance and discharge of every agreement and obligation on the part of the Sellers to be performed pursuant to the provisions of this agreement, except those, if any, which are herein specifically stated to survive the delivery of the deed." The learned Official Referee found, on sufficient evidence, that the shortage in the land area was substantial and material, but granted judgment for defendants dismissing the complaint on the ground that the aforesaid language of the contract disclosed the intention of the parties that the contract be merged in the deed, and that therefore the objection based on the deficiency in the land area did not survive plaintiff's acceptance of the deed. Although it does not appear that defendants' misrepresentations were intentionally made, plaintiff nevertheless had the right to rescind the contract if he was induced to enter into it in reliance on such misrepresentations (cf. *Bloomquist* v. *Farson*, 222 N. Y. 375, 380). Plaintiff's right to rescind the contract may not be defeated by the provisions thereof here invoked (cf. *Bridger* v. *Goldsmith*, 143 N. Y. 424; *Massler* v. *Smit*, 279 App. Div. 941). Nolan, P. J., Beldock, Ughetta and Pette, JJ., concur; Christ, J., dissents and votes to affirm, with the following memorandum: There was mutual mistake in this case as to the quantity of land actually owned by the sellers. No fraud and no deliberate misrepresentation are claimed. The contract of sale contained the usual provision fixing the rights of the parties in the event that the sellers did not own all the land contracted to be sold and therefore were unable to convey a good and marketable title. The contract expressly gave the purchaser the choice, in such event, to reject title or to "accept such title as the Sellers may be able to convey". It further provided that "acceptance of a deed by the Purchaser shall be deemed to be a full performance and discharge of every agreement and obligation on the part of the Sellers to be performed pursuant to the provisions of this agreement". This prescribed a period of limitation within which the purchaser could reject title or rescind the contract. The deed was accepted by the purchaser and he lost his right further to complain. The cases cited to show the inefficacy of this provision involved claims of actual fraud. Such cases are easily distinguished and compel a different result. One who fraudulently induces another to enter a contract upon a deliberate false representation of fact may not bar the defrauded contractor from rescission by a contract provision such as the one mentioned above, for the fraud would attach to such limiting provision of the contract as well as to other provisions of the contract, and make it unenforcible. However, in the absence of fraud, as here, the very purpose of the agreement is to cover

a situation such as here presented. The above-mentioned contract provisions constituted a caveat which the buyer failed to heed and he should not be allowed to dishonor the contract and its consummation and to circumvent this agreement which was honestly made and performed. Settle order on consent or on 10 days' written notice. [21 Misc 2d 736.]