LEANDRO LABASIN et al., Respondents, v. PRESIDENT REALTY HOLDING CORPORATION, Appellant.—

No opinion. Beldock, Ughetta, Kleinfeld and Christ, JJ., concur; Nolan, P. J., dissents and votes to reverse the order and interlocutory judgment and to deny the motion for summary judgment, with the following memorandum: It is difficult to determine whether the Special Term granted the motion for summary judgment on the theory that plaintiffs had established a cause of action for rescission of the contract upon the ground that plaintiffs had executed it in reliance on defendant's false representations of fact, or upon the ground that the parties had entered into the contract under a mutual mistake of fact. This difficulty persists despite the fact that the motion was made only on the latter ground and that the learned Justice at Special Term so stated in his opinion. If the motion was granted on the ground of defendant's false representations, the order and judgment should be reversed because: (a) the undisputed facts establish that plaintiffs made an independent investigation as to the matters which were the subject of the representations, and (b) it is questionable that they acted in reliance on the representations made (cf. *Gould* v. *Flato,* 170 Misc. 378, 381; cf. *Arnold* v. *Norfolk & New Brunswick Hosiery Co.,* 148 N. Y. 392, 399). If the motion was granted on the ground that the plaintiffs had established that the parties acted under a mutual mistake of fact, the order and judgment should be reversed because no such cause of action is pleaded in the complaint (*Progressive Credit Union* v. *Mount Vernon Wiping Cloth Corp.,* 5 A D 2d 166). In any event the affidavit in support of the motion for summary judgment was made, not by either of the plaintiffs, but by an attorney who obviously was not qualified to state that plaintiffs had relied on false representations or had acted under a mutual mistake, and who as a matter of fact did not so state in his affidavit (cf. *Freund* v. *James McCullagh, Inc.,* 268 App. Div. 875; cf. *Curry* v. *Mackenzie,* 239 N. Y. 267, 269). [27 Misc 2d 559.]