■ GARNET M. TINKESS et al., Appellants, v. CHESTER D. BURNS et al., Respondents.— Judgment and order unanimously reversed on the law and facts, without costs of this appeal to either party, and a new trial granted. Memorandum: In this action for rescission of a contract of purchase of a motel, the trial court granted defendants' motion for a nonsuit at the close of plaintiffs' case and dismissed the complaint on the ground that "the allegations of fraud as alleged in the complaint are not made out by the proof". The court was quite correct in its statement that there had been a complete failure to prove any of the essentials necessary for success on the theory of fraud. Plaintiffs' proof sought to establish that the real property encroached on the highway by nearly seven feet in one direction. The quality of the proof to that effect was weak and admitted of doubt as to the conclusion reached by the witness surveyor that there was in fact an encroachment. The record is absent of any proof that the vendor defendants knew of any encroachment, if one existed. The agreement to convey contained the same description as that in the deed to the defendants from their grantor. The record indicates that if there is an encroachment, it was unknown to the parties at the time of the execution of the agreement. This is clearly a case of mutual mistake of both parties as to the marketability of the title. Inasmuch as the encroachment, if any, was upon a public highway, such a title defect would make it impossible for the defendants to convey good and marketable title to the plaintiffs at the close of the installment period set forth in the purchase contract. The failure to prove fraud does not bar plaintiffs from relief in recision for innocent misrepresentations of material facts which induce a buyer to purchase the property. "An action may be maintained in equity to rescind a transaction which has been consummated through misrepresentation of material facts not amounting to fraud. Unlike an action at law for damages, intentional misstatements need not be proved. [Citing cases.] The fact that the plaintiffs have alleged fraud and deceit is not fatal to the action provided the proof establishes misrepresentations and that these are material, influencing the bargain. [Citing cases.]"

(*Bloomquist* v. *Farson*, 222 N. Y. 375, 380; see, also, 5 Williston, Contracts [rev. cd.], §§ 1487, 1540, 1544.) Although the complaint does not allege mutual mistake we consider the complaint as so amended to conform with the evidence (see CPLR 3025, subd. [c]). In the light of the proof, it may well be that plaintiffs will move, before the retrial, to amend their complaint in this respect. The record further raises a substantial question as to when the plaintiffs ascertained that there might be an encroachment and as to whether once they learned of it they acted promptly in seeking recision. Equity will not grant relief where after discovering the mistake the aggrieved party conducts himself with reference to the transaction as though it were still subsisting and binding. If in fact plaintiffs continued to occupy the premises for a year after discovering possible encroachment, there may well have been a waiver of their right to relief from the misrepresentation or mistake (3 Pomeroy, Equity Jurisprudence [5th ed.], § 897; *New York Tel. Co.* v. *Jamestown Tel. Corp.*, 282 N. Y. 365, 372). Upon the new trial the encroachment question and the possibility of plaintiffs' laches should be fully explored. (Appeal from a judgment and order of Jefferson Trial Term, dismissing the complaint on the merits in an action to rescind a contract.) Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.