■ ALBANY DISCOUNT CORPORATION, Respondent, v. ANTOINETTE BASILE, Appellant.— GIBSON, P. J. Appeal by defendant from a judgment entered upon a decision of the Supreme Court at Special Term granting plaintiff's motion for summary judgment in an action brought to recover the deficiency arising upon the sale of a mobile home, after default by the purchasers in the performance of their retail installment contract therefor assigned to, and owned and held by plaintiff, with payment thereof guaranteed by the corporate vendor; defendant's liability being predicated upon her guarantee of all the vendor's obligations to plaintiff. In opposition to the motion for summary judgment, defendant's affidavit averred that her "guarantee was not intended to apply to losses suffered by the plaintiff due to a default by a third party purchaser" or to guarantee "any obligation other than 'floor planning' financing made available by Albany Discount Corporation to Basile Mobile Homes, Inc." In a later affidavit, defendant stated: "It was my impression that the guaranty was not for retail paper. Further, I would not have signed it if I had known otherwise." The affidavit of the vendor's president states that plaintiff took over all of the company's "wholesale floor planning" at the time the guarantee was signed; and that he "was never at any time requested by any bank to get a guaranty on retail paper [but] invariably they had asked for personal guaranty on floor planning." It is on this slender proof, supplemented by her irrelevant offer "to produce evidence at trial", that defendant seeks to avoid the guarantee on the ground of unilateral mistake on her part and, further, by her contention that the agreement must

be construed, in the light of a supposed custom or usage in the business, as guaranteeing only wholesale or floor plan transactions. Although defendant initially states these two contentions as separate grounds, her brief seems to merge them, at least to the extent that she posits her right to rescission or reformation (which, incidentally, is not pleaded) on mistake arising because of her understanding of, and reliance upon a supposed custom and usage. Thus, the brief urges " remand " for trial, " so that appellant may present proof of unilateral mistake by evidence of the prior course of dealing and the general custom of the trade in order to pursue the remedy of rescission of the contract ". It is doubtful whether defendant shows any general custom or usage or anything more than this particular vendor's past experience with one or more lenders other than respondent; but in any event, the instrument contains no ambiguous language and none susceptible of a special meaning in the business; and " proof of general custom or usage * * * may not be interposed to alter, vary or contradict unambiguous contractual provisions or modify or change legal obligations assumed by the parties under their contracts ". (Pink v. American Sur. Co., 283 N. Y. 290, 296; B. M. Heede, Inc. v. Roberts, 303 N. Y. 385, 390, mot. for rearg. den. 303 N. Y. 909.) The parol evidence rule was properly invoked. (Leumi Fin. Corp. v. Richter, 17 N Y 2d 166, mot. for rearg. den. 17 N Y 2d 813; American Trust Co. v. Sullivan, 285 App. Div. 1043, affd. 2 N Y 2d 954; County Nat. Bank v. Grunwald, 30 A D 2d 663.) Considering separately the supposed factor of mistake, we need remark only that it is hornbook law that in order to warrant rescission or reformation on account of unilateral mistake, there must be a showing of fraud or of some other equitable consideration, and this the appellant has failed to demonstrate. Appellant's contention with respect to damage is equally insubstantial. The assertion that she intends to offer evidence on the trial to show that plaintiff did not realize a fair price does not constitute an evidentiary showing. She, like the contract vendee in this case or a mortgagor, is the debtor, and " is in the same position as any other debtor who claims the benefit of payment after breach of his engagement. He must plead the facts and prove them ". (Harrison v. Hall, 239 N. Y. 51, 53; 8 N. Y. Jur., Chattel Mortgages, § 182.) As respects such proof, the affidavit of Joseph Basile is far short of the mark. Appellant did not take advantage of the opportunity afforded her by Special Term to submit additional proof. Judgment affirmed, with costs. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur in memorandum by Gibson, P. J.; Herlihy and Greenblott, JJ., dissent and vote to reverse and deny the motion in memorandum by Greenblott, J. GREENBLOTT, J. (dissenting). This judgment should be reversed and the case remanded for a trial on the merits. We are here concerned with the meaning of a guarantee executed by appellant and respondent on June 23, 1964. The majority would apply the guarantee to a retail credit contract dated November 12, 1963, almost seven and one-half months prior to the execution of the guarantee; but appellant contends the guarantee applies only to wholesale purchases occurring after the execution of the guarantee. We cannot agree with the conclusion that the parol evidence rule bars proof as to the meaning of the guarantee. The fundamental rule in the construction of all agreements is to ascertain the substantial intent of the parties (O'Neil Supply Co. v. Petroleum Heat & Power Co., 280 N. Y. 50). If doubt arises from a writing itself, or it is ambiguous as to the meaning of the language employed, parol evidence is admissible to show the meaning intended by the parties (Matter of Oakes, 248 N. Y. 280). Such doubt and uncertainty does arise from the writing itself. The guarantee provides that the appellant guarantees " that the said Dealer will promptly and faithfully pay and discharge all and singular

his obligations, present and future, to 'you', and agree without your first having to proceed against said Dealer to pay any and all loss, costs, attorney's fees or expenses which may be suffered by 'you' or the said surety by reason of said Dealer's default." Since the language of the guarantee obligates the appellant to cover losses sustained by the plaintiff as a result of the "Dealer's default", a question remains as to whether the appellant was obligated to pay any loss sustained by the plaintiff as a result of the buyer's default as well. In our opinion, an ambiguity exists entitling the appellant to offer parol evidence in an attempt to establish the defense that the guarantee was not intended to apply to retail contracts entered into before its execution. As was said in *Petrie* v. *Trustees of Hamilton College* (158 N. Y. 458, 464): "While the court is to construe the contract, if its construction depends upon the sense in which the words were used in view of the subject to which they relate, it is necessary by proof of collateral facts and surrounding circumstances to place the court in the position of the parties when they made the contract, so as to enable it to understand the meaning of the words used in reducing it to writing." A sufficient factual issue concerning the full extent of the guarantee has been raised entitling appellant to her day in court. Additionally, there are factual evaluations as to damages, the correct amount due and owing. Any offset can only be fairly determined by a trial.