■ JOHN D'ANTONI, Appellant, v PERCY GOFF et al., Respondents.— Appeal from a judgment of the Supreme Court in favor of defendants, entered December 13, 1974 in Greene County, upon a decision of the court at a Trial Term, without a jury. The parties are owners of contiguous parcels of land in the Town of Cairo. During the fall of 1965 Goff contacted D'Antoni and advised him that he had been informed by a representative of the State Conservation Department that their parcels overlapped. After extended negotiations, during which Goff supplied D'Antoni with a free-hand sketch of the area, the parties agreed that Goff would purchase from D'Antoni a small parcel of land, outlined on the sketch, for the sum of $1,000. This agreement was later enlarged to include a second parcel and the consideration was increased to $1,400. On July 20, 1966 the parties met in Goff's attorney's office and D'Antoni, for the first time, made inquiry as to the number of acres of land being conveyed by the deed. Neither Goff nor his attorney knew. It appeared that neither party had surveyed the parcels and Goff, the purchaser, had not insisted upon a title search. Thereupon, Goff called the State Conservation Department representative who had prepared the description which Goff's lawyer had inserted in the proposed deed, and was informed that 15 acres was a ''ball-park figure''. Goff's attorney then added the phrase ''both of said parcels containing by estimation 15 acres of land'' to the description and the parties executed the deed. Approximately three years later Goff had his lands surveyed and discovered that the original parcel, which he had offered to purchase for $1,000, contained 5.4 acres, while the second parcel, for which he paid only $400, contained 62.9 acres. He did not inform D'Antoni of his findings; rather, he conveyed the parcels to himself and his wife as tenants by the entirety. In October of 1970 D'Antoni had his remaining lands surveyed and learned that he had conveyed to Goff 68.3 acres for the sum of $1,400. Goff refused to accept the consideration paid plus interest and expenses in exchange for a reconveyance and D'Antoni sued in rescission alleging fraud and misrepresentation. The trial court dismissed the complaint, finding that D'Antoni had failed to prove the requisite elements of fraud and, thus, failed to sustain his burden. This appeal ensued. The trial court was correct in its finding that plaintiff failed to prove any of the essentials necessary for success on the theory of fraud, the proof being clearly to the contrary. Indeed, a summary of the record establishes that the parties were only concerned with correcting an ambiguous boundary line and neither had any

direct knowledge of the acreage exchange necessary to accomplish their joint purpose. Goff, like D'Antoni, did not know the number of acres involved and, therefore, was incapable of formulating an intentional perversion of the truth to induce D'Antoni to convey more than was necessary to achieve the end they both wanted. Nevertheless, the failure of D'Antoni to prove fraud should not have been fatal to his action for rescission of the deed for the evidence clearly established that both parties innocently misrepresented a material fact which induced D'Antoni to sell more land than was necessary to correct the boundary overlap *(Tinkess v Burns,* 24 AD2d 545). The mistake was mutual and not unilateral on the part of Goff. Unilateral mistake as a gravamen for rescission or reformation requires a showing of fraud *(Albany Discount Corp. v Basile,* 32 AD2d 723) but mutual mistake as a predicate for equitable relief is premised on principles of justice and fairness. Neither side should profit from a mistake jointly perceived and acted upon. Where the mistake is both mutual and substantial, as herein, there is absence of the requisite "meeting of the minds" to contract *(Barnosky v Petteys,* 49 AD2d 134, 136). The fact that the contract sought to be rescinded had been executed and was not executory *(Barnosky v Petteys, supra)* is immaterial *(Labasin v President Realty Holding Corp.,* 14 AD2d 551; *Weiland v Bernstein,* 12 AD2d 945, 946), particularly when the parties, as herein, had not greatly altered or changed their positions. In sum, at the time of contracting, both parties believed that the plaintiff was selling and the defendant was purchasing about 15 acres of land when, in fact, and by mutual mistake, 68.3 acres of land were being conveyed, a significant and substantial difference. The relief of rescission can correct the error and return the parties to their original positions and such relief should not have been denied plaintiff even though his attorney failed to move at the close of the whole case to conform the pleading (complaint) to the evidence (CPLR 3025, subd [c]). The power to conform rests in the trial court in the absence of a motion by a party, and also, in an appellate court *sua sponte,* if justice so dictates. Therefore, pursuant to the authority of CPLR 3025 (subd [c]), we have conformed the complaint to the proof of mutual mistake, *sua sponte,* and, as conformed, conclude that the deed of July 20, 1966 should be rescinded (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.31; *Harbor Assoc. v Asheroff,* 35 AD2d 667, mot for lv to app den 27 NY2d 490). We also conclude that the transfer of the property from Goff to Goff and his wife as tenants by the entirety did not make her a purchaser in good faith. Judgment reversed, on the law and the facts, without costs, and judgment directed to be entered in favor of plaintiff rescinding the deed and directing reconveyance of the lands in question to plaintiff upon payment to defendant by plaintiff of the purchase price, plus interest. Greenblott, J. P., Kane, Mahoney, Main and Herlihy, JJ., concur.