DAVID JOHNSON, Appellant, v JOHN MUNN, Respondent.

Third Department, April 21, 1977

*Ernest & George Abdella (Ernest Abdella* of counsel), for appellant.

*William J. Stewart* for respondent.

MAHONEY, J. The plaintiff served an amended complaint (CPLR 3025, subd [a]) and the defendant responded by service of an answer (CPLR 3025, subd [d]) wherein he failed to deny the allegation of the amended complaint that he was the operator of an automobile involved in a one-car accident wherein plaintiff was allegedly injured. At trial defendant, over plaintiff's objections, was permitted to introduce evidence contradictory to the admission posited by the pleadings. The Trial Judge, after denying defendant's motion to conform the pleadings to the evidence (CPLR 3025, subd [c]) submitted the question of who was the driver to the jury. That body returned a special written verdict report in which it found that plaintiff was the driver of the car at the time of the accident and, based on that finding, returned a verdict against the plaintiff. This appeal ensued.

While it was probably error for the trial court to deny defendant's motion to conform the pleadings to the evidence, we cannot say that the error so infected the court's charge as to enlarge it to reversible dimensions. Ever since the Court of Appeals sounded the death knell of the "theory of the pleadings" in *Diemer v Diemer* (8 NY2d 206), all vestigial distinctions between exact statements in a complaint juxtaposed to the manner of their denial in an answer have been put aside in favor of a policy that underscores substance rather than form. In *Diemer v Diemer (supra)* an action for separation was pleaded, tried and appealed on the theory of cruel and inhuman treatment but modified by the Court of Appeals with directions to the trial court to enter a decree of separation on the ground of abandonment, thereby effectively amending the pleadings to conform to the evidence in the absence of a motion by the parties or action by the trial court. That appellate courts have the power to amend pleadings even after judgment can also be found in *Wilco Constr. Corp. v Prywes* (14 AD2d 929 [Appellate Division amended compliant to include essential ingredient of contract action]), and in

*Thorne Neale & Co. v New York Southern Coal Term. Corp.* (270 App Div 816, affd 295 NY 977 [Appellate Division amended complaint to assert cause of action against additional defendants not named in pleadings]; see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.31).

Herein, the complaint recites facts making out an ordinary automobile negligence case. While defendant failed to specifically deny that he was operating the vehicle, the proof certainly raised that issue. To withhold jury consideration of this central fact because not specifically denied would be to retreat to judicial formalism from which *Diemer v Diemer (supra)* and its progeny have so enlighteningly led us. We amend defendant's answer *sua sponte* to conform to the evidence *(Harbor Assoc. v Asheroff,* 35 AD2d 667; see *Tinkess v Burns,* 24 AD2d 545, 546).

The judgment and order should be affirmed, without costs.

KANE, J. P., MAIN, LARKIN and HERLIHY, JJ., concur.

Judgment and order affirmed, without costs.