**Emerida PRIETO, Plaintiff,**

v.

**STANDARD FEDERAL SAVINGS BANK, a Delaware banking corporation; Flushing Savings Bank, a New York banking corporation; Edison Federal Savings & Loan Association, a New York banking corporation; and Bankers Trust Company of California, N.A., Defendants.**

94 Civ. 499 (MGC).

United States District Court, S.D. New York.

Nov. 16, 1995.

---

Brenton N. Ver Ploeg, P.A. by Ivonne Prieto, Miami, Florida and Greitzer & Locks by Erik Jacobs, New York City, for Plaintiff.

Arnelle, Hastie, McGee, Willis & Greene by Jeanne Samuels, New York City, for Defendants Resolution Trust Corporation as Receiver for Standard Federal Savings Bank and Banker's Trust Company of California, N.A.

Goldstick Weinberger Feldman & Grossman, P.C. by Edward I. Weiner, New York City, for Defendant Resolution Trust Corporation as Receiver for Edison Federal Savings & Loan Association.

Milton Witchel, P.C. by Toby Alan Weil, New York City, for Defendant Flushing Savings Bank.

### OPINION

CEDARBAUM, District Judge.

This is an action for damages arising out of defendants' management of plaintiff's two residential mortgage loans. The complaint alleges claims under the Fair Credit Billing Act, the Fair Debt Collection Practices Act, and New York common law against the four named defendants. Emerida Prieto initiated this action on January 24, 1994. The Resolution Trust Corporation ("RTC") was appointed receiver for defendant Standard Federal Savings Bank on October 21, 1992.

The RTC as receiver for Standard moves to dismiss the complaint for lack of subject matter jurisdiction on the ground that Prieto failed to exhaust the administrative claims process mandated by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Prieto does not allege that she submitted her claims against Standard to the RTC for administrative review. Instead, she contends that the exhaustion requirement does not apply to those claims because they arose after the RTC was appointed receiver. In the alternative, she argues that she should be excused from the exhaustion requirement because pursuit of

administrative review would be futile. For the reasons that follow, the motion is granted.

■ FIRREA prescribes administrative procedures for the adjudication of claims against institutions for which the RTC has been appointed receiver. 12 U.S.C. § 1821(d) (1994); *id.* § 1441a(b)(4)(A) (1994). The statute provides that the RTC must give notice to the "institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice." § 1821(d)(3)(B)(i). Upon the filing of a claim, the RTC has 180 days to review the claim and determine whether to allow or disallow the claim. § 1821(d)(5)(A)(i). After the 180–day period has expired or when the RTC has disallowed the claim, the claimant has sixty days to request administrative review or to file a lawsuit on the claim in federal court. § 1821(d)(6)(A). Claims not filed with the RTC by the date specified in the notice "shall be disallowed and such disallowance shall be final," § 1821(d)(5)(C)(i), unless the claimant did not receive notice in time to file the claims, § 1821(d)(5)(C)(ii).

■ Claimants who do not exhaust this administrative process cannot have their claims reviewed by a federal court. Section 1821(d)(13)(D) of the Act provides:

**(D) Limitation on judicial review**

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

The Second Circuit has held that this provision deprives federal courts of subject matter jurisdiction over claims that have not been first presented to the RTC for review. *Cir-cle Indus., Div. of Nastasi–White, Inc. v. City Fed. Sav. Bank,* 931 F.2d 7, 8 (2d Cir. 1991) (per curiam); *see also Resolution Trust Corp. v. Elman,* 949 F.2d 624, 627 (2d Cir.1991) (citing *Circle Industries*).

Prieto contends that § 1821(d)(13)(D)(ii), which bars judicial review of any "claim" relating to an act or omission of the institution or the RTC, should be read to deprive federal courts of jurisdiction over only those claims that are covered by the review procedures set forth in the subsection. Prieto argues that she could not have complied with the requirements for submitting her claims to the RTC within the permissible time limits because her claims against Standard arose after the RTC was appointed receiver. Accordingly, she argues, these claims should not be subject to the jurisdictional bar.

Some of Prieto's claims against Standard arose prior to the RTC's appointment as receiver. *E.g.* Amended Complaint ¶¶ 15–18 (Count I); 19–24 (Count II); 25–29 (Count III). As to those claims, there is no doubt that § 1821(d)(13)(D) applies and this Court lacks jurisdiction because Prieto failed to exhaust her administrative remedies. The Complaint alleges other claims arising after receivership. *E.g.* Amended Complaint ¶¶ 30–34 (Count IV); 46–49 (Count VII). These claims present a more difficult question of statutory construction: whether § 1821(d)(13)(D) deprives federal courts of jurisdiction over claims that arise after receivership and that the claimant does not submit for administrative review.

The Second Circuit has not decided this question. Prieto relies heavily on the decision of the Tenth Circuit in *Homeland Stores, Inc. v. Resolution Trust Corp.,* 17 F.3d 1269 (10th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 317, 130 L.Ed.2d 279 (1994), which held that the limitation on judicial review set forth in § 1821(d)(13)(D) does not apply to post-receivership claims. The court concluded that because of the statutory time limits for the presentation of claims, the administrative review process was closed to post-receivership claims. *Id.* at 1274. In doing so, the court disregarded the RTC's assertion that it would review plaintiff's claims. The court stated that it "must first

look to the plain language of the statute." *Id.* at 1274 n. 5. The court noted that if judicial review were unavailable, the plaintiff would have no forum in which to present its claims; the court concluded that "[s]uch an outcome raises constitutional problems." *Id.*

The First and Third Circuits have also ruled on the question presented in this case. Both have held that § 1821(d)(13)(D) applies to post-receivership claims. *Heno v. Federal Deposit Ins. Corp.*, 20 F.3d 1204 (1st Cir. 1994); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383 (3d Cir.), *cert. denied*, 502 U.S. 981, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991). In *Heno*, the court noted that the FDIC followed an "internal manual procedure" for reviewing post-receivership claims under FIRREA. *Heno*, at 1208. According to the First Circuit, the FDIC has implicitly interpreted § 1821(d)(5)(C)(ii), which permits claimants who did not receive notice of the receiver's appointment to file after the deadline, also to permit late filing by claimants whose claims did not arise until after the deadline. *Id.* at 1209. The FDIC has construed § 1821(d)(13)(D) to require exhaustion of administrative remedies for both pre- and post-receivership claims. The *Heno* court held that the FDIC's interpretation was "permissible" and thus entitled to deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Heno*, at 1209.

The Second Circuit has held that because several agencies in addition to the RTC administer FIRREA, the RTC's interpretation of the statute is not entitled to "full *Chevron* deference." *1185 Avenue of the Americas Assocs. v. Resolution Trust Corp.*, 22 F.3d 494, 497 (2d Cir.1994). In *Heno*, the First Circuit noted that "sound policy grounds" support the RTC's construction of the statute. The court found that administrative review of post-receivership claims "should optimize prospects for expeditious resolution of these claims against failed banks, make maximum use of [RTC's] cumulative administrative expertise, and minimize burdensome litigation in the federal courts." *Heno*, at 1209. In a recent case, a district judge in this district relied on the same policy grounds in holding that § 1821(d)(13)(D)'s prohibition on judicial review extends to claims that arise after receivership. *Federal Deposit Ins. Corp. v. Boyarsky*, No. 94 Civ. 7482, 1995 WL 373483, at *7 (S.D.N.Y. June 22, 1995) (Sweet, J.).

The claims review provisions of FIRREA manifest Congress' intent that the RTC should have the ability "to dispose of the bulk of claims against failed financial institutions expeditiously and fairly." *See* H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 419 (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 215. In this action, interpreting § 1821(d)(13)(D) to exclude post-receivership claims would result in RTC review of only some of Prieto's claims, although all are part of the same dispute and all arise out of a single course of conduct. These circumstances demonstrate particularly clearly that Prieto's proposed reading of § 1821(d)(13)(D) would undermine FIRREA's goal of efficient and expert claim resolution by the RTC.

■ A well-settled rule of statutory construction is that a statute should be construed to avoid serious constitutional problems "unless such construction is plainly contrary to the intent of Congress." *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575, 108 S.Ct. 1392, 1397, 99 L.Ed.2d 645 (1988) (citing *NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490, 499–501, 504, 99 S.Ct. 1313, 1318–1319, 1320–1321, 59 L.Ed.2d 533 (1979)). I accept the RTC's representation that its review process is open to Prieto's post-receivership claims. Therefore, I do not confront the prospect that concerned the court in *Homeland*, that Prieto will have no forum in which to present her claims. I find persuasive the well-reasoned opinion of Judge Sweet in *Boyarsky*, and conclude that § 1821(d)(13)(D) deprives this court of subject matter jurisdiction over Prieto's claims.

■ Prieto argues that even if § 1821(d)(13)(D) applies to post-receivership claims, her failure to exhaust her administrative remedies should be excused because administrative review would be futile. She relies on *Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588 (2d Cir.1993), which explained that an exception to the

requirement of exhaustion of administrative remedies under ERISA applies when the plaintiff can demonstrate that pursuit of administrative remedies would be futile. *See id.* at 594. But Prieto has not shown that administrative review would be futile.

■ Prieto points to a letter from the RTC as receiver for Edison Federal Savings and Loan Association, another defendant in this case. The letter states that the RTC has reviewed Prieto's claims against Edison and disallowed them, and gives reasons for the RTC's decision. Letter from Resolution Trust Corporation to Ivonne Prieto, counsel for Emerida Prieto, of 10/18/94, Pl. Mem. Ex. 1. The fact that the RTC disallowed Prieto's claims against Edison does not mean that RTC review of her claims against Standard would be futile. The RTC has not considered Prieto's proof of Standard's actions. The RTC also has not reviewed Prieto's federal statutory claims, because Prieto's complaint alleges only state law tort claims against Edison. Prieto argues that the RTC conducted a de facto review of her claims "during the extended pre-litigation settlement and mediation period" of this case. (Pl. Mem. at 11.) The RTC's evaluation of the claims for the purpose of settlement discussions, however, cannot substitute for the administrative review process required by the statute. *See Rosa,* 938 F.2d at 395 ("RTC's legal position in this litigation is not necessarily conclusive of the receiver's determination of plaintiff's claims.").

For the foregoing reasons, the RTC's motion is granted and Prieto's claims against Standard are dismissed for lack of jurisdiction without consideration of their merits.

SO ORDERED.