The 28 CLIFF STREET CONDOMINIUM ASSOCIATION, Plaintiff,

v.

RESOLUTION TRUST CORPORATION, Nassau Federal Savings and Loan Association, Prentiss Properties Limited, Inc., Gregg T. Noebel, and Belco Corp., Defendants.

No. 94 Civ. 5929(DAB).

United States District Court, S.D. New York.

March 29, 1996.

Hindy & Associates, P.C., Brooklyn, New York (George Hindy, of counsel), Gabriele J. Troiano, Staten Island, New York, for Plaintiff.

Goldstick, Weinberger, Feldman & Grossman, P.C., New York City (Bonnie Covey, Howard L. Grossman, Edward I. Weiner, of counsel), Andrew E. Tomback, Deputy General Counsel for Litigation, Mark P. Hileman, Assistant General Counsel, P. Matthew Sutko, Counsel, Resolution Trust Corporation, Washington, D.C., for Defendants.

### *MEMORANDUM ORDER*

BATTS, District Judge.

Plaintiff, The 28 Cliff Street Condominium Association ("Condo Association"), brings this action against Defendants Resolution Trust Corporation ("RTC"), Nassau Federal Savings and Loan Association ("Nassau Federal"), Prentiss Properties Limited, Inc. ("Prentiss Properties"), Greg T. Noebel ("Noebel"), and Belcoo Corporation ("Belcoo"), alleging breach of contract, fraud, misrepresentation, detrimental reliance, conspiracy, and inducement to breach of contract, among others. Defendants move to dismiss the Complaint and vacate the *lis pendens.* Plaintiff opposes the motion. For the reasons stated below, Defendants' motion is granted in part, and denied in part.

### BACKGROUND

As receiver for Nassau Federal, the RTC came to hold title to a foreclosed condominium, Commercial Unit # 1, in the 28 Cliff Street Condominium Association located at 28 Cliff Street, New York, New York. By way of its agent, Prentiss Properties, the RTC negotiated to sell Commercial Unit # 1 to Defendant Belcoo for $110,000, all cash.

Believing that a right of first refusal existed in favor of the Condo Association—namely, the Plaintiff—Noebel, acting for Prentiss Properties, offered to sell the property to the Condo Association for the same price that Belcoo had agreed to pay.

Noebel subsequently attempted to revoke the offer made to the Condo Association by letter and telephone. The revocation letter sent by registered mail, however, was returned to Prentiss Properties marked "addressee unknown." Further, the success of the telephone revocation is disputed. After the attempted revocation, the RTC proceeded to close the sale with Belcoo, and title was transferred to Belcoo.

The Condo Association then brought suit in the New York County Supreme Court by Order to Show Cause, seeking to set aside and vacate the sale of Commercial Unit # 1 to Belcoo and to have the property transferred to the Condo Association. RTC removed the action to this Court on the basis of the presence of the RTC as a defendant. At some point, either before or after transfer of title to Belcoo, the Condo Association placed a *lis pendens* on the unit.

Defendants RTC, Nassau Federal, Prentiss Properties, and Noebel now move to dismiss the Complaint and vacate the *lis pendens* for lack of subject matter jurisdiction. Defendant Belcoo has not answered the Complaint, nor joined in this motion. Plaintiff Condo Association opposes the motion. Defendants make the following six arguments: (1) the Court lacks jurisdiction because Plaintiff has not exhausted the appropriate administrative remedies; (2) the right of first refusal has been preempted by FIRREA; (3) New York law does not recognize a right of first refusal on these facts; (4) a contract was never formed between the Plaintiff and RTC; (5) the Court lacks subject matter jurisdiction to impose equitable relief, and (6) FIRREA mandates dismissal of Defendant Belcoo. Each argument will be dealt with in turn.

On February 21, 1995, subsequent to submission of this motion, the Condo Association filed a proof of claim with the RTC. (Letter from Miller to Hindy of 3/8/95.) No action was taken with respect to the proof of claim prior to November 22, 1995. (Letter from Hindy to Court of 11/22/95.)

### DISCUSSION

A. Exhaustion of Administrative Remedies

The Financial Institutions Reform, Recovery and Enforcement Act of 1989

("FIRREA") requires a claimant against the RTC to exhaust the administrative claims process before proceeding against the RTC in court. 12 U.S.C. § 1821(d)(6)(A) & (13)(D)(i); *RTC v. Elman,* 949 F.2d 624, 627 (2d Cir.1991); *Prieto v. Standard Federal Savings Bank,* 903 F.Supp. 670, 672–73 (S.D.N.Y.1995). Prior to filing this suit, the Plaintiff Condo Association made no administrative claim with the RTC. Rather, the Plaintiff waited until February 21, 1995, to file a notice of claim in accordance with the administrative procedures under FIRREA. However, because 180 days have expired since Plaintiff's administrative filing, this Court does have subject matter jurisdiction over the Complaint. 12 U.S.C. § 1821(d)(5)(A)(i) & (6)(A); *see Prieto,* 903 F.Supp. at 672 ("After the 180–day period has expired or when the RTC has disallowed the claim, the claimant has sixty days to request administrative review or to file a lawsuit on the claim in federal court").

### B. Right of First Refusal

Plaintiff's Complaint repeatedly invokes the right of first refusal as a basis for this action. (Compl. ¶¶ 17, 19, 20, 22, 23, 47, 49.) In its response to Defendants' motion, though, Plaintiff states that it "does not seek to enforce this right and therefore, it is a moot point since an offer to purchase the Subject Property was made to and accepted by Plaintiff." Pl.'s Mem. at 22. Accordingly, Plaintiff has abandoned its claims that RTC violated the right of first refusal provision of the by-laws, (Compl. ¶ 24), and Defendants' motion to dismiss those claims invoking the right of first refusal will be granted. This dismissal, however, has no impact upon Plaintiff's claim that RTC breached a binding contract of sale.

### C. Existence of Enforceable Contract

■ Defendants' claim that no contract was formed due to (1) a mutual mistake of fact, (2) a timely revocation of the contract offer by Defendants, and (3) Plaintiff's failure to convene a special meeting to accept the offer, as required by the Association's by-laws. (Defs.' Mem. at 15–19.) Each of these arguments, however, is inappropriate for dis-

position on a motion to dismiss because they all require resolution of disputed facts.

Defendants incorrectly invoke the doctrine of mutual mistake of fact to have the Complaint dismissed. Defendants fail to cite a single case in favor of their mutual mistake argument, either in the moving papers or in the reply. Such behavior by counsel is inexcusable, and it is not surprising that the law offers no support for invocation of the theory on these facts.

■ "[T]he thrust of a [mutual mistake based] reformation claim is that a writing does not set forth the actual agreement of the parties...." *Chimart Associates v. Paul,* 66 N.Y.2d 570, 498 N.Y.S.2d 344, 347, 489 N.E.2d 231 (N.Y.1986). "Where the mistake is both mutual and substantial ... there is absence of the requisite 'meeting of the minds' to contract." *D'Antoni v. Goff,* 52 A.D.2d 973, 383 N.Y.S.2d 117, 118 (1976) (citation omitted). To the Court it appears that any mistake present on these facts would not affect the requisite "meeting of the minds": if a contract was entered into, the terms thereof are clear and no mistake exists. Accordingly, the mutual mistake theory offered by Defendants is unavailing.

Defendants' other challenges to the existence of a contract are strenuous arguments of fact, with reference to materials outside the Complaint and about which there are various disputes. Accordingly, those arguments cannot serve as a basis for either making or granting a motion to dismiss.

### D. Equitable Relief Under FIRREA

■ Plaintiff invokes various forms of equitable relief in its Complaint, including specific performance and injunctive relief. In furtherance of these claims for relief, Plaintiff filed a *lis pendens* on the property either before or after transfer of title to Defendant Belcoo. Whether placed before or after transfer of title to Belcoo, the *lis pendens* must be cancelled.

■ FIRREA prohibits the imposition of injunctive relief against the RTC in these circumstances, 12 U.S.C. § 1821(j), and prohibits the placement of liens upon receivership property of the RTC, 12 U.S.C.

§ 1825(b)(2). *Volges v. RTC,* 32 F.3d 50, 52–53 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2618, 132 L.Ed.2d 860 (1995). Thus, Plaintiff cannot maintain an action against the RTC for title to the property. Likewise, no claim for title can be lodged against Defendant Belcoo on the basis of a claim Plaintiff has against the RTC. *See Pyramid Constr. Co., Inc. v. Wind River,* 866 F.Supp. 513, 518–19 (D.Utah 1994).

■ As to Belcoo, the current owner of the property, since the Complaint does not allege Belcoo ever promised to transfer the property to the Condo Association, it has failed to state a claim upon which Defendant Belcoo could be compelled to transfer title to it. Therefore, all Plaintiff's claims for specific performance or other equitable relief are hereby dismissed. *See id.*

Because FIRREA bars Plaintiff's only claim for equitable relief, this action cannot "affect the title to, or the possession, use or enjoyment of, real property." CPLR § 6501 (McKinney 1980). In light of this, the notice of pendency—the New York statutory version of a *lis pendens*—must be cancelled. *Freidus v. Sardelli,* 192 A.D.2d 578, 595 N.Y.S.2d 981, 983 (N.Y.App.Div., 2d Dep't 1993); *5303 Realty Corp. v. O & Y Equity Corp.,* 64 N.Y.2d 313, 486 N.Y.S.2d 877, 880, 882–84, 476 N.E.2d 276, 279, 281–283 (N.Y. 1984).[1]

E. Dismissal of Defendant Belcoo

Movants argue that Defendant Belcoo must be dismissed under FIRREA § 1821(d)(2)(G)(i). Section 1821(d)(2)(G)(i) provides, in pertinent part:

The Corporation may, as conservator or receiver—

\* \* \* \* \* \*

... transfer any asset or liability of the institution in default (including assets and liabilities associated with any trust business) without any approval, assignment, or consent with respect to such transfer.

In response to Defendants' motion, Plaintiff argues "that all parties acted in concert to defraud Plaintiff of its contract right to purchase the Subject Property and therefore all should be accountable." Pl.'s Mem. at 23. As in other instances, Plaintiff cites no case law in support of its position. However, because Plaintiff's Complaint includes claims against Defendant Belcoo in addition to any "liabilities" related to the Property, including inducement to breach of contract and conspiracy[2], the motion for dismissal of Defendant Belcoo will be denied.

## CONCLUSION

IT IS HEREBY ORDERED:

(1) Defendants' motion to dismiss for lack of jurisdiction is DENIED;

(2) Defendants' motion to dismiss all claims under the alleged right of first refusal is GRANTED;

(3) Defendants' motion to dismiss the breach of contract claims is DENIED;

(4) Defendants' motion to dismiss all claims for equitable relief, and to cancel the notice of pendency, is GRANTED; and,

(5) Defendants' motion to dismiss the complaint as to Belcoo is DENIED.

The *lis pendens* is hereby VACATED and CANCELLED.

SO ORDERED.

---

1. If this conclusion is wrong and New York law actually requires that the notice of pendency not be cancelled until dismissal of the specific performance claims becomes final, *see* CPLR § 6514(a), then FIRREA would preempt New York law to the degree it would allow maintenance of the notice of pendency against the RTC. 12 U.S.C. § 1825(b)(2); *see Michigan Canners and Freezers Ass'n, Inc. v. Agricultural Marketing and Bargaining Board,* 467 U.S. 461, 469, 104 S.Ct. 2518, 2523, 81 L.Ed.2d 399 (1984) (state law preempted where "compliance with both state and federal law is impossible").

2. Defendant Belcoo has neither moved nor answered on its own behalf, and the other Defendants' motion on its behalf does not attack the inducement or conspiracy causes of action on their merits. While those claims may not be sustainable for any number of reasons, the Court will await an appropriate motion before addressing their sufficiency.