Sheppard C. WEBB, MD, Plaintiff,

v.

Shirley Strom KENNEY, President of the State University of New York at Stony Brook, Norman Edelman, Dean of the School of Medicine of the State University of New York at Stony Brook, Bruce Schraffel, Director and CEO of the University Hospital and Medical Center of the State University at Stony Brook, and John J. Ricotta, M.D. Defendants.

No. 00–CV–6726TCPWDW.

United States District Court, E.D. New York.

Nov. 18, 2002.

Jonathan H. Roth, Stony Brook, NY, for Plaintiff.

Bonnie Garone, Attorney General of the State of New York, Mineola, NY, for Defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendants Shirley Strom Kennedy ("Kennedy"), President of the State University of New York at Stony Brook ("Stony Brook"), Norman Edelman ("Edelman"), Dean of the School of Medicine at Stony Brook ("School"), Bruce Schraffel ("Schraffel"), Director and CEO of The University Hospital and Medical Center of Stony Brook ("Hospital"), and John Ricotta, M.D. ("Ricotta"), the former Chairman of the Hospital (collectively "Defendants" or the "State") move pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff Sheppard C. Webb's ("Webb") Amended Complaint for failure to state a claim and for lack of subject matter jurisdiction. For the reasons stated below, the Defendants' Motion is GRANTED.

## BACKGROUND

### A. Factual Background

According to the Amended Complaint, Webb was hired by the Hospital as a categorical surgical resident in general

surgery in March 1995. The Appointment Letter, signed by both parties, states:

"I am pleased to appoint you to a position as a first year Resident in the Department of Surgery ... for the period of **July 1, 1995 through June 30, 1996** (emphasis in original.) ... [t]his is *a temporary appointment, which may be renewed on a yearly basis upon the recommendation of the Department Director.*" (emphasis added.)

(Def.Ex. 2.)

As a surgical resident, Webb was responsible for performing surgery on and attending to patients admitted to the Hospital. A Surgical Resident Manual ("Manual") was provided by Defendants to Webb detailing the rights and obligations of Webb and the Defendants.

Webb alleges that the Manual constitutes an "enforceable express employment contract", that he read the Manual and that he relied on the Manual in continuing to work as a surgical resident. (Am. Compl.¶¶ 10–12.) The Manual, under a heading entitled "Promotion/Re–Appointment", states:

"**[A] surgical resident appointment does not constitute an option to either renew or extend an appointment to the Department of Surgery for a period beyond the expiration date of the contract year. Extension or renewal of a surgical resident appointment is at the sole discretion of the Chairman of the Department/Program Director.**"

(Pl.Ex. A.)(emphasis in original.)

The same section of Manual further provides:

"**Dismissal** of a surgical resident is a serious matter. The decision is never easy. The surgical resident who shows no improvement of noted deficiencies or fails to accept remediation or despite probation fails to seek appropriate coun-

seling is sending a message to the Program Director. Any such resident will retain the right to an impartial review and open hearing prior to dismissal as accorded them through the due process procedures."

(Pl.Ex. A.)(emphasis in original.)

Notably, this section of the Manual specifically provides that residents placed on disciplinary probation or who are subject to "dismissal" are entitled to the due process as outlined in other sections of the Manual. No such reference is made regarding the failure to re-appoint. (Pl.Ex. A.)

Webb was advised of his non-renewal by receipt of a letter from Defendant Ricotta dated April 4, 1998 (the "Expiration–of–Appointment Letter"). This letter stated, "This is to acknowledge the termination of your appointment as a Clinical Assistant Director in the Department of Surgery, effective June 30, 1998." (Def.Ex. 3.)

Webb claims that he was entitled to a hearing as described in the Manual before the decision not to reappoint him was made. However, when read in context the due process procedures described in the Manual apply only to dismissal or probation during a resident year and are not applicable to re-appointment decisions. Webb had no entitlement to be re-appointed and therefore has no claim for violation of due process.

## B. Procedural History

Plaintiff originally filed a Complaint against three State entities (the State University, the School, the Hospital) and one individual, Ricotta in November 2000. In March 2001, the Defendants served their Motion to Dismiss the Complaint asserting Eleventh Amendment immunity as to the State entities. On June 20, 2002, this Court granted Plaintiff's Motion to file an

Amended Complaint. The Amended Complaint removed the State entities and added the three officials of the State entities.

While the Amended Complaint alleges six claims for relief, the general nature of the assertions makes it difficult to decipher some of the allegations into cognizable legal claims.

The First claim purports to state a due process claim under the Fourteenth Amendment based on the allegation that "Plaintiff had a property interest in continuing his residency." (Am.Compl.¶ 14.) The Second and Third Claims also arguably assert a due process claim based on the accusations that "Plaintiff was deprived of his property interest as he had a reasonable expectation to the continuation and completion of his residency program" and "Defendants have breached this duty of good faith and fair dealing by demoting Plaintiff without explanation or due process and then discharging him without any prior warning." (Am.Compl.¶ ¶ 19, 25.)

The Fourth Claim purports to assert a State law breach of contract claim by alleging, "Defendants, acting under color of state law, failed to keep their promises to Plaintiff." (Am.Compl.¶ 32.) The Fifth Claim attempts to allege a State law claim for common law fraud by stating, "Defendants made false representations regarding the residency program." (Am. Compl.¶ 35.) The Sixth Claim merely states, "Defendants were so contrary to the fair treatment they had represented the Plaintiff would receive that they showed a reckless indifference to the foreseeable consequences to Plaintiff." (Am. Compl.¶ 40.)

The Defendants argue that (i) Webb has failed to state a claim because he had no federally protected right (ii) the claims against Dr. Ricotta are barred by the Eleventh Amendment or by qualified immunity and (iii) the claims against the

newly added defendants are time-barred. Since Webb has failed to state a claim for a violation of due process under federal law, and because those federal claims provide the only basis for subject matter jurisdiction, this Court grants Defendants Motion to Dismiss.

## DISCUSSION

### A. *Motion to Dismiss*

#### 1. *Legal Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits both partial and complete dismissal for "failure to state a claim upon which relief can be granted.'" *Sweet v. Sheahan,* 235 F.3d 80, 84 (2nd Cir.2000) (quoting FED. R. CIV. P. 12(b)(6)). "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Disc. Bank,* 199 F.3d 99, 107 (2nd Cir.1999) (quoting *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2nd Cir. 1991). Moreover, " 'when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *International Audiotext Network v. American Tel. & Tel. Co.,* 62 F.3d 69 (2nd Cir.1995) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2nd Cir.1991).

Courts must "take all factual allegations as true and construe all reasonable inferences in the plaintiff's favor." *Lee v. Bankers Trust,* 166 F.3d 540, 543 (2nd

Cir.1999). Courts assess only the legal feasability of the complaint and whether plaintiffs have pled claims on which they are entitled to discovery. *See Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir.2000); *Chance v. Armstrong,* 143 F.3d 698, 701 (2nd Cir.1998).

### 2. What Materials the Court Must Consider in this Case

Because the Manual, the Appointment Letter and the Termination Letter are all referenced in the Amended Complaint they must be considered in determining the Motion to Dismiss. Moreover, each of these documents are integral to the Amended Complaint.

### B. Failure To State A Due Process Claim

■ The State argues that the federal due process claims should be dismissed for failure to state a claim based on the fact that Webb was not deprived of a federally protected right. The crux of this argument is that Webb had no protected right in a five-year residency since the Appointment Letter and Manual specifically state that a resident has to be affirmatively reappointed each year, that the decision is at the sole discretion of the Department Director, and that the decision not to reappoint a resident does not entitle a resident to a hearing. The State is correct.

■ In order to determine whether there is a due process claim there must first be a property interest that rises to the level characterized as an "entitlement." *Adler v. Cty. of Nassau and Nassau Medical Ctr.,* 113 F.Supp.2d 423 (E.D.N.Y. 2000). As the Second Circuit has held, "the nature and contour of a specific property interest are defined by some source independent of the Constitution-most often state law." *Ezekwo v. New York City Health & Hosp. Corp.,* 940 F.2d 775, 782

(2d Cir.1991)(citing *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Moreover, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it . . . he must, instead, have a legitimate claim of entitlement to it." *Id.* (quoting *Roth* 408 U.S. at 577, 92 S.Ct. 2701.)

Webb must therefore sufficiently allege that he had a property interest in the residency for five years. However, the terms of the Appointment Letter clearly establish that he had no legal entitlement to re-appointment after June 1998, since it states that the position was a year to year appointment. The Manual further provides that the "[e]xtension or renewal of a surgical resident appointment is at the sole discretion of the Chairman of the Department/Program Director." (Pl.Ex. A.)

Plaintiffs rely heavily on the recent case of *Adler v. Cty. of Nassau and Nassau Medical Ctr.,* 113 F.Supp.2d 423 (E.D.N.Y. 2000). In that case the plaintiff was also a hospital resident who was hired for a one-year term. The contract specifically provided that the plaintiff was entitled to due process in accordance with the hospital's policy manual. That manual set forth detailed procedures "to be followed when the resident is terminated **prior to the end of an academic year.**" *Id.* at 425. The Court held that since the plaintiff was terminated prior to the end of the academic year, he had been deprived of due process. Unlike the plaintiff in *Adler,* Webb was not dismissed during the term of his one-year employment, but after the academic year had concluded.

■ Webb's claim that he had an implied right in the five year residency must also fail, since a right to reappointment can not be inferred when contradicted by the express terms of the contract. "No

obligation can be implied ... which would be inconsistent with other terms of the contractual relationship." *Murphy v. American Home Prod. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983). "Proof of general custom or usage may not be interposed to alter, vary or contradict unambiguous contractual provisions or modify or change legal obligations assumed by the parties under their contracts". *Albany Discount Corp. v. Basile*, 32 A.D.2d 723, 300 N.Y.S.2d 464 (3d Dept. 1969).

While the Second Circuit in *Ezekwo* held that the position of Chief Resident constituted a constitutionally protected property right, the Court relied on the fact that the plaintiff in that case had been continually informed that she would be chief resident and there was no express agreement to the contrary. *Ezekwo v. New York City Health & Hosp. Corp.*, 940 F.2d 775, 783 (2nd Cir.1991). In the instant case, the Appointment Letter did constitute an agreement between the parties that the appointment was on a year-to-year basis and that the decision to re-appoint was at the sole discretion of the department director. Based on these express terms of the Appointment Letter, no right to a five-year residency can be implied.

Since Webb had no legal entitlement to re-appointment, express or implied, Webb was not entitled to the due process outlined in the Manual. Accordingly, Webb's claim must be dismissed.

### C. State Law Claims

The failure to allege a due process claim requires dismissal of the remaining state law claims. Courts have consistently held that the dismissal of a plaintiff's federal claims merits dismissal of his pendent State law claims. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Maric v. St. Agnes*

*Hosp. Corp.*, 65 F.3d 310, 314 (2nd Cir.1995)(citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Having concluded that Defendants' motion to dismiss the underlying federal claims, this Court declines to exercise pendent jurisdiction over the corresponding State law claims.

### CONCLUSION

The Motion to Dismiss the Amended Complaint is GRANTED as to all claims. The Clerk of the Court is directed to close this case.

SO ORDERED.